GEORGE C. JENKS, Individually and as Administrator of AMY V. JENKS, Deceased, Plaintiff, *v.* VEEDER CONTRACTING COMPANY, INC., and GEORGE KING, Defendants.

Supreme Court, Trial Term, Albany County, October 10, 1941.

*Brown & Gallagher* [*Oscar C. Brown* of counsel], for the plaintiff.

*Ainsworth & Sullivan* [*John J. Conners* of counsel], for the defendants.

BERGAN, J.   George C. Jenks and his wife, Amy V. Jenks, were joint owners of an automobile.   Together they were traveling to Florida.   While the husband was driving and the wife sitting beside him the car collided with defendant corporation's truck being driven by the individual defendant.   The wife was killed; the husband injured.   The husband sued for his own injuries.   He maintains this action as administrator for the wrongful death of his wife.   The jury were instructed, among other things, if they found both drivers negligent their verdict would be for the husband as administrator only, and for the defendants in the husband's personal action.   This was their verdict.   Defendants' motion addressed to the verdict and to the administrator's complaint was reserved, and the question to be determined is whether the negligence of one joint owner is imputed to the other owner actually present where both are traveling together to a common destination.

The decision is to be controlled by principles of the common law.   The general rule in New York resists the imputation of negligence to others.   " Unless the relation of master and servant exists, the law will not impute to one person the negligent act of another." (ANDREWS, J., in *King* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 181, 184.)   Thus the absence of this relationship between a hospital and a driver in control of its ambulance relieved the hospital of

responsibility for the driver's negligence ( *Kellogg* v. *Church Charity Foundation*, 203 N. Y. 191) and the owner present in an automobile being driven by her husband's servant was not liable for the driver's negligence since, again, the relationship of master and servant did not exist. ( *Potts* v. *Pardee*, 220 N. Y. 431.)

The statutory imputation to the owner of the negligence of a driver with permissive use of a vehicle (Vehicle and Traffic Law, § 59) results in a species of *quasi* employment or control similar to employment, and it has been fitted into the frame of the doctrine of *respondeat superior* to which it is " akin." · ( *Good Health Dairy Products Corp.* v. *Emery*, 275 N. Y. 14, 17.) The statutory imputation is not applied to contributory negligence which is governed by the rules which pre-existed the statute. ( *Mills* v. *Gabriel*, 259 App. Div. 60; affd., 284 N. Y. 755.)

This consistent background of delimitation in the scope of imputed negligence in New York must be considered in approaching *Gochee* v. *Wagner* (257 N. Y. 344) which is the focus of defendants' argument that the complaint must be dismissed. In that case the husband was the owner of the car. His wife was driving with his permission. He was present in the car when an accident with a third party occurred. The husband sued the third party. The jury found the wife was negligent. Her negligence, so the court held, was attributable to the husband owner. It barred his recovery. The ground stated (p. 348) was that, as owner, he assumed dominion over the car while physically present, and he had " the legal right to control its operation."

The decision is distinguishable from the facts here. Since the property here was jointly owned, the husband having undertaken to use it had domination of it and a legal right to control its operation. The joint owner could not, at all times, assume control of the vehicle in the course of its operation. When one joint owner is at the driving wheel and the vehicle is in motion on a highway it is enough to say that the other joint owner is not then in control of its operation and is not then in a position to assert control. An assertion of control or direction as to operation could properly be resisted by the joint owner. Whatever might ultimately be done in a law court in the event of a disagreement as to use of the vehicle, resulting in a sale or disposal of the property, the highway would be the wrong place to make the assertion of a partial right to control. In the nature of things a vehicle is controlled only by one person at one time, and rights flowing from joint ownership must be divisible in point of time. Certainly assertion of such rights in the course of operation is not timely, nor in the interest of public safety.

Parties having equal legal title to a motor vehicle cannot be permitted to contend for the wheel in moving traffic and hence the imputation of negligence to the joint owner present upon the theory of equal legal right to domination or control is untenable when applied to the facts of this case.

The realities of the actual operation of vehicles on highways cannot be entirely overlooked in dealing with the rights and obligations of those present with the driver. Before the advent of the motor vehicle, similar realities were discussed with lucidity and insight by Judge FINCH in *Hoag* v. *N. Y. C. & H. R. R. R. Co.* (111 N. Y. 199).

The decision in *Leppard* v. *O'Brien* (225 App. Div. 162; affd., 252 N. Y. 563) is not very close on the facts decided, since the joint owner was not present, a distinction which becomes important in view of *Gochee* v. *Wagner* (*supra*). The *O'Brien* decision largely turned upon the application of the statutory imputation of negligence to a joint owner, but some of the language used is harmonious with the result to be reached here.

It does not seem important whether the joint owners are engaged in a joint enterprise or not. Their ultimate objective has nothing to do with the negligence or the purported imputation of negligence. The determinative factor upon imputed, as distinguished from actual, negligence is whether the joint owner could have done anything at the time of the negligent act than to have given events a different turn. I think the negligent operation of the vehicle is not to be imputed to the deceased, and the motion addressed to the administrator's complaint and to his verdict on this ground is denied.

The verdict of $20,000 is excessive. Deceased was a housewife sixty-one years old, without separate pecuniary resources or earnings. Her expectancy was 13.18 years. The motion addressed to the verdict on this ground is granted unless plaintiff within fifteen days of notice of entry of the order file with the clerk a stipulation reducing the verdict to $15,000, in which event the motion is denied.

Submit order.