GEORGE C. JENKS, as Administrator, etc., of AMY V. JENKS, Deceased, Respondent, v. VEEDER CONTRACTING COMPANY, INC., and GEORGE KING, Appellants.— Defendants have appealed from a judgment of the Albany Trial Term of Supreme

Court in favor of plaintiff as administrator of the goods, chattels and credits of his deceased wife, in the sum of $16,107.40. The plaintiff and his wife, Amy V. Jenks, were joint owners of an automobile. On October 19, 1940, while the car was being driven by the husband, in which the wife was riding, at the intersection of Corning Hill Road and Route 9-W, a collision occurred between that car and a truck owned by the corporate defendant and driven by the individual defendant. As a result of that collision plaintiff's wife was killed and plaintiff sustained personal injuries. Plaintiff instituted an action individually against the defendants for personal injuries, and also an action as administrator of the goods, chattels and credits of his deceased wife. These actions were tried together and the jury rendered a verdict in favor of the defendants in the individual action of Jenks, and a verdict in his favor as the administrator of his wife in the sum of $20,000. The trial judge reduced this verdict to $15,000. On this appeal appellants contend that the negligence of the husband is imputable to his deceased wife. No question seems to be raised about the negligence of the defendants. The negligence of the husband is not attributable to his wife (*Smith* v. *Clute*, 277 N. Y. 407, and cases there cited). The administrator's recovery for the death of his deceased wife is not dependent on his own negligence or freedom from contributory negligence (*Mc Kay* v. *Syracuse Rapid Transit Ry. Co.*, 208 N. Y. 359). The trial judge was not warranted in setting aside the verdict of $20,000, as found by the jury. Order setting aside verdict reversed on the law and facts and the verdict reinstated. The judgment appealed from is modified by increasing plaintiff's recovery by the sum of $5,000, and as so modified, affirmed with costs to respondent.— Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ., concur. [177 Misc. 240.]