Eva RARICK, Plaintiff, *v.* LLOYD C. BRISTOL, Defendant.

Supreme Court, Jefferson County, March 29, 1944.

*Claude Dunk* for plaintiff.

*Melville Kinkley* for defendant.

SEARL, J. Plaintiff was seriously injured while riding in her husband's automobile on March 7, 1943. The car collided with one owned and driven by the defendant. The jury found for the plaintiff and defendant moves to set aside the verdict.

The one question involved is whether the wife, at the time of the accident, was principal and the husband her agent, or whether the wife was a guest of the husband. The question

arose when the wife stated that on the day before the accident she requested her husband to drive her from Watertown to Lacona, N. Y., on Sunday, the day following. The purpose of the trip was to visit the wife's son by a previous marriage. Accordingly, on the day of the accident the husband and wife started in the husband's car to make the trip. However, on approaching Adams Center, a short distance south of Watertown, heavy snow and wind prompted them to abandon the trip. While driving back to Watertown through a blinding snow storm, the husband's car collided with that of defendant, who was driving in the opposite direction.

There was no evidence that the wife directed the route to be taken, or did more than caution her husband as he drove slowly through the storm, as common to human experience.

The court instructed the jury that, as a matter of law, the wife should be considered a guest of the husband.

In *Jenks* v. *Veeder Contracting Co.* (290 N. Y. 810, affg. without opinion 264 App. Div. 979, which mod. 177 Misc. 240), the question was answered in the negative as to whether the negligence of the husband in an action brought by the husband as administrator of his wife's estate *was imputable to his wife*. The memorandum report of the decision of the Court of Appeals (290 N. Y. 810) states: " The appellant contended that the negligence of one joint owner is imputable to the other joint owner present in the car." The facts appear more in detail in the opinion of the trial court (177 Misc. 240). The owners were en route to Florida. The husband, as driver of the car, " had domination of it and a legal right to control its operation."

In the case at bar, defendant would seek to create the wife " principal " and the husband " agent " because the wife proposed the trip. Although there appears no authority in this State directly in point, the doctrine as set forth in *Reading Township* v. *Telfer* (57 Kan. 798) seems to have been followed. As said in 59 A. L. R. 155, at page 156, citing this case: " Assuming that the journey was undertaken at the solicitation of the wife, this fact possessed no weight ". In effect the court held (57 Kan. 798, 802, *supra*) that upon a journey of husband and wife the " right of mastery  *  *  *  is accorded to the husband, which forbids the idea of a co-ordinate authority ".

The question of agency in the use of a family car owned by the head of the family is aptly answered in *Corn* v. *Kansas City, C. C. & St. J. Ry. Co.* (228 S. W. [Mo.] 78, 82): " If this were the law, every time a man took his family out driving in his car, he doing the driving, for their mutual pleasure, there

would be such a joint enterprise as to make the husband the agent of every member of the family, and make his negligence imputable to them."

The facts in *Meyers* v. *Meyers* (265 App. Div. 939 [2d Dept.]) are clearly distinguishable. There a mother brought suit against a son, the owner of the car in which she was riding, and another. The car was operated by a second son, with the knowledge and consent of the owner. Refusal to charge that if the jury found that the car was being operated at the request of the plaintiff and solely for her benefit and on her behalf she could not recover, was held to be error.

In the instant case there exists the relationship of husband and wife, legally an "entirety". The husband retained both operation and control of the car. Under the circumstances, it would have been error to submit the question of control to the jury.

Defendant's motion is denied.

Order accordingly.