Argued December 13, 1956, reversed and remanded
February 13, 1957

# PROTRKA *v.* ALGER
307 P. 2d 289

480

*William F. Schulte,* Portland, argued the cause and filed a brief for respondent.

*John U. Yerkovich,* Portland, filed a brief for appellant.

Before Tooze[*], Acting Chief Justice, and Rossman, Perry[**] and McAllister, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff from a judgment, based upon a verdict, which the circuit court entered in favor of the defendant. The action which terminated in the challenged judgment was instituted by the plaintiff to recover damages for an injury which she says she sustained through the negligence of the defendant when an automobile driven by him collided with one driven by her husband in which she was riding as a guest.

The plaintiff-appellant presents two assignments of error, each of which complains of the action of the

---

[*] Acting Chief Justice when this cause was argued. Deceased December 21, 1956.

[**] Chief Justice when this decision was announced.

trial judge in submitting to the jury the defense of contributory negligence. The first of the two is predicated upon the denial of the plaintiff's motion for an order to withdraw from the jury the issue of contributory negligence, and the second is based upon an instruction to the jury which submitted to it the defendant's charge of contributory negligence.

The automobile collision which became the source of this appeal occurred August 31, 1953, at 1:00 a. m. in the intersection of Southeast 17th avenue and East Burnside street in Portland. Southeast 17th avenue lies north and south. The course of East Burnside street is east and west. The plaintiff and her husband live in an apartment house which they own and which stands at the northeast corner of the intersection. Upon the occasion in question they were returning home and would have been in their abode had they succeeded in crossing the street.

The car driven by the plaintiff's husband, George Protrka, while entering the intersection from the south, was struck on its left side by the automobile of the defendant, Hal Alger, which was proceeding east on East Burnside street. The plaintiff, Anna Protrka, was seated in the front seat of her husband's car to the right of him.

The complaint alleged that defendant was negligent in failing (1) to keep a proper lookout, to have proper control of his vehicle, to yield the right of way, to swerve or stop, and (2) driving at an excessive rate of speed, with defective brakes, with defective lights and without the lights being on. Plaintiff prayed judgment for $20,000 damages.

The answer denied all charges of negligence and, by way of affirmative defense, alleged that plaintiff's husband was negligent in failing to exercise proper

lookout or control, to stop at the intersection and to yield the right of way. It charged that the Protrka car was operated at an excessive rate of speed and that plaintiff was negligent in failing to ''caution and admonish her said husband,'' and, by her silence and assent to his negligence, ''made the same her own,'' and proximately contributed to the cause of the collision thereby. The reply denied the allegations of the answer.

■ In order to warrant the submission of the charge of contributory negligence to the jury, it was essential that the record contain evidence from which the jury could find in favor of the defendant upon all three of the following propositions: (1) either plaintiff's husband was guilty of some act or acts of negligence, or plaintiff was aware, or should have been aware, of some danger of which her husband was unaware; (2) that she failed to exercise ordinary care for her own safety by failing to caution or admonish him; and (3) that such failure to so caution or admonish him was a proximate cause of the accident. *Whiting v. Andrus,* 173 Or 133, 144 P2d 501; *Hamilton v. Haworth,* 180 Or 477, 177 P2d 409; *Savage v. Palmer,* 204 Or 257, 280 P2d 982.

■ We pass consideration of the defense that the alleged negligence of the plaintiff's husband should be imputed to her. We pass it because the essential element for the imputation of negligence—that of control by the passenger over the conduct of the driver—was neither pleaded nor proved. *Edison v. Anderson,* 208 Or 470, 302 P2d 561.

■ The intersection of Southeast 17th and East Burnside streets is well lighted. A stop sign faces traffic proceeding north on 17th before it enters Burnside. The plaintiff's husband was an experienced driver.

Plaintiff testified that her husband was driving in a normal manner as he approached the corner and there stopped. She noticed two cars pass proceeding east on Burnside, and glanced across Burnside at the building where they lived. She saw no traffic after the two cars had passed and did not see the defendant's car.

Plaintiff's husband testified that he stopped at the corner for a minute or more. After the two eastbound cars had passed he saw no traffic in either direction and proceeded into the intersection at ten miles per hour. He did not notice the defendant's car until it hit his own.

Benjamin Hallyburton, a service station proprietor who lived in the Protrka apartment building, had just returned home and was standing at his living room windows when the accident occurred. Two corner windows afforded him a view of the intersection south and west. He testified that he saw a car stop at 17th and heard the loud noise of an automobile motor "revving up." He saw two cars come up Burnside from the west, but they were not making the noise. Still seeking the source of the noise, he glanced further up Burnside but saw nothing. As he looked back at the intersection he saw defendant's car approaching without lights and "split seconds" later saw the collision. He was present after the accident when the lights on defendant's car were tested and, according to him, they did not work.

Defendant testified that he was proceeding east along Burnside at 25 miles per hour and was 40 feet from the intersection when he saw the Protrka car enter the intersection at 15 or 20 miles per hour. Believing that it would stop, defendant went ahead. When he saw that it would not, it was too late to avoid a

collision. Defendant further testified that his lights were on and that he remembered turning them off after the accident to save the battery. He also swore that his brakes were adequate.

Defendant's former wife, Emma Alger, was seated beside him on the night of the accident. She testified that the Alger car was going 25 miles per hour and the Protrka car 35. She remembered that defendant had his lights on and she felt the application of the brakes just before the impact.

Two automotive repairmen testified on defendant's behalf. One declared that he had repaired the motor of defendant's car several months prior to the accident, that it was in good condition and made no loud noises. The other repaired defendant's car after the collision. He testified that the brakes were ''low'' but worked adequately and that the headlight which had not been broken in the collision functioned properly.

We do not believe that the foregoing evidence, viewed in a light most favorable to the defendant, could have supported a conclusion that plaintiff was guilty of contributory negligence, and, since such a conclusion may have been the basis upon which the jury rendered its verdict for the defendant, the judgment must be reversed and the case remanded for new trial.

Counsel for defendant seemingly concedes that plaintiff could not be guilty of contributory negligence if her husband failed to stop at the stop sign because her first opportunity to have cautioned or admonished him would have been so close to the time of the impact as to have made the warning useless. Therefore, as we analyze the defendant's charges, we shall assume that defendant was driving east on Burnside, a well-lighted thoroughfare, at a reasonable speed, with his

lights on, observing safety precautions, and that plaintiff's husband, as he entered the intersection, either failed to maintain a proper lookout or ignored the fact that defendant's car was approaching.

At this point plaintiff's conduct became crucial. She did not see the Alger car, but she was not obliged to see it at her peril. It was approaching from a direction in which her view was obstructed by her husband and toward which she had no primary obligation to look. The testimony concerning the loud motor noise in the street, if believed, could not impose upon her that obligation because there was no testimony connecting that noise with defendant's car. Therefore, since it could not be said that plaintiff acted unreasonably in failing to see defendant's car, she cannot be held at fault for failure to warn her husband of its approach. *Whiting v. Andrus*, supra; *Hamilton v. Haworth*, supra.

■ One further observation will suffice. To entitle defendant to have his defense of contributory negligence submitted to the jury, it was his burden to prove his allegation that plaintiff failed to caution or admonish her husband. There is no evidence in the record on that point. Plaintiff did not have to come forth with testimony that she made some statement and thereby disprove a charge unsupported by any evidence. It is apparent from plaintiff's testimony that she never saw defendant's car, what her reply would probably have been to such a question; but that probability did not relieve defendant of his duty to prove the allegations of his affirmative defense.

The issue of contributory negligence was erroneously submitted to the jury. The judgment is reversed and the case remanded for a new trial.