Argued March 11, affirmed April 29, 1958

# PARKER *v.* McCARTNEY

338 P. 2d 371

*Jarvis B. Black,* Portland, argued the cause for appellant. With him on the brief were Phillips, Coughlin, Buell & Phillips, Portland.

*Frank Pozzi* argued the cause for respondent. On the brief were Peterson & Pozzi and Philip A. Levin, Portland.

Before McALLISTER, Chief Justice, and LUSK, WARNER, SLOAN and MILLARD, Justices.

## SLOAN, J.

Plaintiff and his wife were the "co-owners" of an automobile. Plaintiff was injured in a collision between the Parker car and defendant McCartney's car at a time when Mrs. Parker was driving. This action ensued in which defendant claimed that ownership on the part of plaintiff is sufficient to impute his wife's negligence to him. The trial court refused to instruct in accordance with defendant's theory; plaintiff recovered a verdict and defendant appeals. The sole issue, as stated by appellant, is "whether or not the negligence of a co-owner driver will be imputed

as a matter of law to a co-owner riding in the automobile in an action by the riding co-owner against a third person."

■ The parties themselves are responsible for the choice of the term "co-owners." By stipulation the parties agreed that "the plaintiff and his wife, were co-owners of the automobile driven by Mrs. Parker." The title certificate to the car was not presented in evidence. The nature of the ownership of plaintiff and wife is not otherwise defined, explained or identified. We are limited in our determination to attempting to decide the status of "co-owners." We accept this to mean equal owners in common, nothing more. The parties have also limited the issue so it is unnecessary for us to detail the assignments of error and the exceptions which gave rise thereto. The sole question is that already mentioned as specified by the appellant.

Defendant first relies on the premise that "When ownership of an automobile has been proven, an inference may be drawn therefrom that the driver was acting as agent of the owner and in furtherance of his interest. [Citing case.] There is a stronger inference of agency when the owner is riding in the car at the time in question." *White v. Keller,* 188 Or 378, 385, 215 P2d 986. The inference is dispelled by evidence showing an agency does not, in fact, exist. Defendant contends the co-ownership of plaintiff thereby established his wife as agent and that no evidence was presented to refute the presumed relationship.

■ Defendant overlooks the simple fact that co-ownership itself refutes agency. In the absence of some additional status, such as that of partners, we find nothing in the law that imposes agency, ipso facto, upon common owners of property. In fact it is held that the

relationship of cotenants between different owners of undivided interest in property does not create the relationship of principal and agent between them. *Earp v. Mid-Continent Petroleum Corp.,* 167 Okla 86, 27 P2d 855, 91 ALR 188; 14 Am Jur, Cotenancy 78, § 4 et seq. Co-ownership is actually the antithesis of an employer-employe or principal and agent relationship. The parties are equal in status and ownership. One may commit the property only to the extent of his ownership. *Oden v. Oden,* 157 Or 73, 69 P2d 967; *Le Vee v. Le Vee,* 93 Or 370, 382 (on rehearing), 181 P 351, 183 P 773.

Defendant also contends, however, that co-ownership enables each owner to exercise immediate control and possession of the vehicle; that such right to control itself established an agency relationship. We cannot agree. Some courts do adopt this rather anomalous theory. *Fox v. Lavender,* 89 Utah 115, 56 P2d 1049, 109 ALR 105; *Emerich v. Bigsby,* 231 Wis 473, 286 NW 51.

Defendant acknowledges that a co-owner of non-fungible personal property in possession may usually exclude his co-owner from asserting the right to immediate seizure of possession. 4 Am Jur, Cotenancy 93, § 23. He says the rule does not apply in this instance when both owners were present in the car and that plaintiff's co-ownership entitled him to assert immediate control. Whatever may be the property right generally of one co-owner of property to seize possession from another co-owner we believe it ignores the realities of life to apply such a theory to a motor vehicle in operation upon a street or highway.

■ No one could sensibly contend that co-ownership entitled a nondriving co-owner to directly interfere

with the actual manipulations of driving. Such hazardous conduct could not be tolerated for obvious reasons. Nor does such relationship, in and of itself, permit that type of control which creates the unequivocal right to designate destination, route, course or manner of operation, speed and other factors indicating control in the more remote sense. We can conceive of situations in which other factors would establish one co-owner as the managing owner. As between parent and child or a senior partner in respect to a junior one— by reason of contract or natural deference—it can be visualized that the dominate owner could, and perhaps would, direct the course and manner of operation. But in the absence of any evidence establishing such a right of control, either by status or agreement, we cannot say that a nondriving co-owner has the unquestioned right to assert authority over the driving co-owner. In this instance it is conceded that plaintiff did not even know how to drive a car. It would seem, therefore, sheer mockery to say that nontheless this man had the right to direct the operation of the car.

■ The better rule is that followed in *Sherman v. Korff,* 353 Mich 387, 91 NW2d 485; *Jenks v. Veeder Contracting Co., Inc.,* 177 Misc 240, 30 NYS2d 278 (Affd. 264 App Div 979, 37 NYS2d 230); *Christensen v. Hennepin Transportation Co.,* 215 Minn 394, 10 NW2d 406, 147 ALR 945. Professor James at 28 Tulane Law Rev 161, at page 214, says: "Yet here again where husband and wife are co-owners, there is a growing judicial reluctance to find the requisite control from that fact alone." There is merit in the restraint to be exercised by a co-owner as stated by Justice Smith in *Sherman v. Korff,* supra, at 91 NW2d 486:

"* * * what control or right of control has a passenger, even though he may be a co-owner, as the car speeds down the highway, driven by the other co-owner? Any attempted exercise of the right of control by wresting the wheel from the driver would be fool-hardy. Equally menacing to the driver's efficient operation of the machine are raucous reproaches, strident denunciations, or even persistent unctuous admonitions from the back seat. 'Generally,' it was well put in a federal case, 'It is the duty of the passenger to sit still and say nothing. It is his duty, because any other course is fraught with danger. Interference, by laying hold of an operating lever, or by exclamation, or even by direction or inquiry, is generally to be deprecated; in the long run, the greater safety lies in letting the driver alone.' Southern Pacific Co. v. Wright, 9 Cir., 248 F. 261, 264."

We conclude that co-ownership is not sufficient to impute the negligence of one such owner to another as a matter of law.

Affirmed.

McALLISTER, C. J., and LUSK, J., dissent.