Argued September 11, reversed and remanded
September 23, 1959

# BLEVINS *v.* PHILLIPS

343 P. 2d 1110

*George A. Rhoten* argued the cause for appellant. On the brief were Rhoten, Rhoten & Speerstra, Salem, and Lawrence N. Brown, Salem.

*Asa L. Lewelling*, Salem, argued the cause for respondent. With him on the brief was C. Parker Gies, Salem.

Before McAllister, Chief Justice, and Rossman, Perry and Redding, Justices.

REDDING, J. (Pro Tempore)

This is an action for personal injuries growing out of a collision between a car being driven by plaintiff's husband, and in which plaintiff was riding, and a car being driven by the defendant.

The trial court instructed the jury that the fact that the plaintiff's name was jointly with that of her husband on the title to the automobile in which she was riding was prima facie evidence of her ownership of the car. The court further instructed the jury that if

they found that the plaintiff was actually a joint owner of the automobile, the negligence of her husband in driving, if any, would then be imputed to her. Plaintiff took timely and proper exception to the giving of the instruction last mentioned. From a judgment in favor of the defendant, based upon a jury verdict, the plaintiff takes this appeal.

The sole question here presented for determination relates to the imputation to the wife of the contributory negligence of the husband, operating upon a public highway an automobile of which the husband and wife are joint owners, and in which she was riding at the time of its collision with the automobile of a third party.

The collision occurred on the Oregon Coast Highway approximately three miles north of Waldport, at about 12:30 on the Sunday afternoon of May 27, 1956. At the time of the accident, the plaintiff was a passenger in the front seat of an automobile which was being driven by her husband. They were returning to their home in Salem from Coos Bay where they had gone to visit the plaintiff's brother. The title to the car in which plaintiff was riding was admittedly held jointly in the names of plaintiff and her husband. Immediately prior to the accident, plaintiff and her husband had stopped at York's Fuchsia Gardens, which are located on the west side of the coast highway about three miles north of Waldport.

The accident happened as the car in which the plaintiff Mrs. Blevins, was riding was leaving the York driveway and turning onto the highway. The defendant, Arthur Phillips, was also driving the coast highway at this point in a northerly direction. At the trial the defendant contended that the Blevins car did not

stop before entering the highway from the York private driveway. Plaintiff's husband claimed that he stopped.

The defendant was unable to stop and, though he attempted to swerve and 'miss the other car on the left-hand side, the collision occurred just as the car in which the plaintiff was riding was crossing the center line of the highway. Plaintiff was injured in the accident and instituted the within action to recover damages for such personal injuries.

Plaintiff-appellant contends that the contributory negligence of her husband, while operating upon a public highway an automobile of which she was joint owner and in which she was riding at the time of its collision with the automobile of defendant, is not imputable to her merely because of such facts.

■ It is the well established rule of this state that when ownership of an automobile has been proven, an inference may be drawn therefrom that the driver was acting as agent of the owner and in furtherance of the owner's interests. *White v. Keller*, 188 Or 378, 215 P2d 986; *Summerville v. Gillespie*, 181 Or 144, 179 P2d 719; *Jasper v. Wells*, 173 Or 114, 144 P2d 505; *Bunnell v. Parelius*, 166 Or 174, 111 P2d 88; *Judson v. Beehive Auto Service Co.*, 136 Or 1, 294 P 588, 297 P 1050, 74 ALR 944.

Without departing from the rule just referred to and to which this court remains committed, in *Parker v. McCartney*, 216 Or 283, 338 P2d 371, in which the negligence of the wife, who was driving, was sought to be imputed to the husband passenger, it was held:

"We conclude that co-ownership is not sufficient to impute the negligence of one such owner to another as a matter of law."

Professor Fleming James, Jr., of Yale Law School, in an article in 28 Tulane Law Review 161, at 214, observes:

"The case in which driver and passenger have joint or common ownership or possession of the vehicle has sometimes been given as the classic example of the non-business joint enterprise. Yet here again where husband and wife are co-owners, there is a growing judicial reluctance to find the requisite control from that fact alone."

■ We think the Parker case announces the correct rule in so far as it holds that where husband and wife are joint owners of an automobile which one of them is driving upon a public highway, and in which the other is riding at the time of a collision with the automobile of a third party, the contributory negligence of the driver is not imputable to the other as a matter of law simply because of the joint ownership nor because of the marital relationship.

We, therefore, hold that the instruction complained of is erroneous and constitutes reversible error.

■ Counsel for respondent, in his oral argument before this court, referred to the fact that the trip to Coos Bay, from which plaintiff and her husband were returning, was made to visit plaintiff's brother, and the re-entry onto the highway by the plaintiff's car at the time of the collision was occasioned by a visit to a fuchsia garden. These facts, we think, fail to sustain respondent's contention that the case at bar is distinguishable from the Parker case. Can it be said that the car in which plaintiff was riding was being operated from Salem to Coos Bay and return for plaintiff's special purpose, or that the stop at York's Fuchsia Gardens was made for the sole benefit or pleasure of plaintiff, thus rendering plaintiff responsible for the

acts of her husband under the doctrine of respondeat superior? We think not. If this be true, certainly the record fails to disclose that the husband driver had no personal interest in visiting either his brother-in-law or the fuchsia gardens. We likewise feel that these facts do not establish a "joint enterprise" within the meaning of the doctrine permitting imputation of negligence.

The Supreme Court of Virginia well phrased the matter in *Painter v. Lingon*, 193 Va 840, 71 SE2d 355. Here a wife, who owned the car, accompanied her husband, who was driving, on a pleasure trip. In rejecting the assertion that the husband's negligence was imputable to the wife on an agency theory arising out of the asserted joint venture, the court held:

> "Marriage vows of husband and wife create a great joint venture. What is beneficial to one spouse is, or should be, beneficial to the other. What is detrimental to one is usually detrimental to the other."

To the same effect is the holding in *Brubaker v. Iowa County*, 174 Wis 574, 183 NW 690, 18 ALR 303:

> "* * * As fellow travelers they were going from Oshkosh to Sioux City to pursue their several avocations. In one sense husbands and wives in their journey through life are always engaged in joint enterprises, sometimes successful, sometimes disastrous. But the mere fact that they travel in the same car, whether for pleasure or to change their abode, does not constitute a joint enterprise, within the meaning of the rule under discussion."

These holdings are equally applicable to the case before us. We do not mean to imply that there may not in fact be a master-servant or principal-agent relationship existing between husband and wife, but rather

that no such situations are here before us. Here, we have no more than a normal family visitation and recreational project participated in, so far as the record discloses, by plaintiff's husband as well as by plaintiff for their mutual connubial pleasure and happiness.

The foregoing holding renders it unnecessary to give consideration to appellant's second assignment of error.

The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.