Argued April 7, reversed and remanded June 8, 1960

# JOHNSON *v.* LOS ANGELES-SEATTLE MOTOR EXPRESS, INC.

## 352 P. 2d 1091

*William A. Martin,* Portland, argued the cause for appellant. On the briefs were Davis, Jensen, Martin & Robertson, Portland.

*Duane Vergeer,* Portland, argued the cause for respondents. On the brief were Vergeer & Samuels and Charles S. Crookham, Portland.

Before McALLISTER, Chief Justice, and O'CONNELL, GOODWIN and HARRIS, Justices.

GOODWIN, J.

Plaintiff, Ruth Johnson, appeals from a verdict and judgment for defendants Los Angeles-Seattle Motor Express and George Howard Alvord entered in the Circuit Court for Washington County.

Johnson was a passenger in an auto which she owned, but which was being driven at the time of the collision by a Mrs. Campbell, who was not a member of her family. Alvord was driving a freight truck. Both vehicles were moving north on Highway 99 between Stafford Road and Nyberg Road overpasses. The highway for some distance on either side of the scene is a four-lane interstate freeway with two north-bound lanes separated from two south-bound lanes by a landscaped divider strip. The two north-bound lanes are marked with a broken center line and solid border lines on the right and left. Johnson was asleep in the back seat of her automobile when it was struck from the rear by the freight truck. The manner in which the collision occurred is disputed. There is no dispute that it occurred and that Johnson received severe injuries.

There are seven assignments of error, but the principal question is whether the negligence of a driver is imputed to an owner-passenger to bar recovery. Oregon is committed to the rule of imputed negligence to impose liability in a variety of relationships. See the leading exposition of the reasons for vicarious liability in *Judson v. Bee Hive Auto Service Co.*, 136 Or 1, 294 P 588, 297 P 1050, 74 ALR 944.

Having recognized imputed negligence in Oregon to make certain owners liable for harm caused by their cars when driven by others, the court is now called upon to extend the concept of vicarious fault to

bar recovery when a faultless owner is injured while riding as a passenger in her own car. In order to deal with the legal question, it is useful to consider the facts.

■ The transcript reveals sufficient evidence to present a jury question whether the negligence of the driver Campbell or that of the truck-driver Alvord, or a combination thereof, was the proximate cause of the accident.

The only control Johnson exercised over the operation of the car was in concurring from time to time in trading driving duties with Campbell. There is no evidence of any formal understanding as to when one should drive and the other rest. The two women by mutual assent simply took turns driving. There is no evidence of any driving instructions being given or received by either woman.

The journey began when Johnson decided to go by bus from Everett, Washington, to Long Beach, California, to take possession of an automobile registered in her name and in that of her husband but used by her son who was in the military service. Campbell, who had relatives in Las Vegas, Nevada, also lived in Everett, and had known Johnson for about two years. Johnson asked Campbell if she would like to go along. She said yes. Each woman paid for her own bus fare, meals, and incidental expenses. Johnson bought the gasoline for the return journey, except that Campbell bought extra fuel for a side trip to Las Vegas.

The women left Everett by bus on a Friday night and arrived in Long Beach about noon the following Sunday. Any sleep they had was on the bus. They stayed in Long Beach Sunday afternoon, took delivery of the car, and drove to Las Vegas, arriving about

midnight Sunday. The travelers slept in Las Vegas until about noon on Monday. They started north by way of Sacramento at 5:00 p. m. Monday, taking turns driving. They arrived in Sacramento about 5:00 a. m. Tuesday, slept till noon, then proceeded north by way of Grants Pass, again taking turns driving.

Each woman testified that when she was not driving she was sleeping or at least resting in the back seat. The last change of drivers before the accident was at Albany, where Campbell took the wheel.

There is no direct evidence that Campbell was sleepy at the time of the collision. She denied that she was. The vehicles collided about 3:00 a. m. Wednesday. Since leaving Everett five days before, the travelers had spent parts of two nights in bed, once in Las Vegas and once in Sacramento. Both testified that they obtained adequate sleep while traveling. While there is no evidence that Campbell fell asleep, a jury could have inferred that the accident was in part the fault of a sleepy driver. Under the pleadings, it was up to the defense to prove, if it could, that Campbell failed to keep the car in a single lane of traffic while driving 35 miles an hour on a freeway posted at 70 for cars and 50 for trucks.

From the evidence summarized above, the trial judge concluded that Campbell was Johnson's agent as a matter of law and that the jury could terminate its work if it found that Campbell was negligent in any one or more of the several particulars charged by the defendants and that such negligence was a contributing cause of the accident.

The trial court said:

"You are instructed that under the evidence in this case, it has been proven that the driver of

the car in which plaintiff was riding was acting in the operation of the car at all times for and on behalf of the plaintiff herself; and you are therefore instructed that any act of negligence, if any, on the part of said driver would be chargeable against plaintiff the same as if it were her own act. In other words, if you find the driver of the car in which the plaintiff was riding was negligent, then such negligence would be imputed to the plaintiff."

Johnson challenges the instruction because it imputed contributory negligence as a matter of law.

The jury could have found that the truck driver was free from negligence and may have decided the case on that basis, but if the quoted instruction was error, the error would require a new trial, as the instruction deprived the jury of the right to consider the duties of the two occupants of the car.

It cannot be said as a matter of law that Campbell was Johnson's agent under these facts. In the Oregon cases in which vicarious liability has been imposed, there has been present a recognized need for such imposition. For example, in a recent opinion which re-examined the family-purpose doctrine, and described it as "fictitious agency", Mr. Justice Lusk quoted Judge Cardozo:

"* * * 'Finally, when the social needs demand one settlement rather than another, there are times when we must bend symmetry, ignore history and sacrifice custom in pursuit of other and larger ends.' Consciously or unconsciously, this may have been what the courts were doing when they decided to fasten upon the owner of a family car responsibility for the negligence of a member of the family while operating the car, even though there is no real agency within the legal meaning of that word." *Wiebe v. Seely, Administrator*, 215 Or 331, 346, 335 P2d 379.

Thus, the duty to pay damages falls on parents, and upon husbands, whose wives or children are using the family car and vice versa. But, in the more recent cases, recovery is not thwarted merely because the injured passenger is married to a driver who may have been partly at fault. The rule was formerly otherwise. In *White v. Keller et ux,* 188 Or 378, 385, 215 P2d 986, BELT, J., wrote: "In this jurisdiction—although the authorities are in conflict elsewhere—it is well settled that proof of ownership of an automobile is sufficient to establish a prima facie case of agency * * * [citing cases]." Many of the cases cited were cases in which liability to a third person was imposed on an owner.

But in *White v. Keller et ux,* supra, negligence was imputed to the owner-passenger, not because she was the wife of the driver, but because, the court said, the driver was her "agent", presumptively at least. She was the sole owner of the auto.

We believe the trial judge below felt bound by the language in *White v. Keller et ux,* supra, to instruct as he did. *White v. Keller* says at page 386: "It having been shown that plaintiff was riding in the car owned by her and driven by her husband on a trip for their mutual benefit and pleasure, we think the only reasonable deduction that can be made from such evidence is that plaintiff's husband was acting as her agent and in furtherance of her interests. [Citing cases.]" Such language is difficult to distinguish from the facts before us except for the fact that here the owner of the car is unrelated to the driver. We think the case can no longer be distinguished and must be abandoned.

◼ Recent decisions in the husband-wife, co-ownership cases have called in question the quoted language

of *White v. Keller*. The majority of this court in *Parker v. McCartney*, 216 Or 283, 338 P2d 371, held that an injured wife who was a passenger and co-owner was not barred as a matter of law by her driver-husband's contributory negligence. Again, in *Blevins v. Phillips*, 218 Or 121, 343 P2d 1110, citing *Parker v. McCartney*, supra, a judgment was reversed because of an instruction which imputed the negligence of a driver-spouse to an injured co-owning passenger as a matter of law. In the *Blevins* case, as here, the defendants contended that there was an element of joint enterprise upon which to base an imputation of contributory negligence to bar recovery. But the mere sharing of a ride in an auto owned by one of the passengers did not constitute a joint enterprise without other evidence of "enterprise". Again, in *Ditty v. Farley*, 219 Or 208, 347 P2d 47, this court rejected the joint venture theory where the co-owners were spouses.

■ Thus, Oregon today is in the column of those jurisdictions holding that mere ownership of a car driven by a negligent spouse will not of itself bar recovery.

We come now to a case where there is no relationship of master and servant, and no family relationship. We are asked to deny recovery because of imputed contributory negligence based on mere ownership alone, which in *White v. Keller et ux*, supra, gave rise to "an inference of agency." The sole ground for denying relief to Johnson in this case would be her name on the registered title. It is not contended that she would be barred if the title to the automobile had been vested in the child who until a few days before had enjoyed its use.

Numerous jurisdictions now hold owners liable in damages for the negligence of others in the operation

of the motor vehicle because ownership carries with it the right of control over the operation, even though actual control is absent. See the family-purpose cases, of which *Wiebe v. Seely, Administrator,* supra, is the most recent. But the right of control as a convenient ground for imposing liability on an innocent owner is not equally cogent when employed to deprive an innocent owner of a remedy against a third party tortfeasor merely because such a rule has the structural balance of reciprocity. Right to control does not equal actual control. See *Schweidler v. Caruso,* 269 Wis 438, 69 NW2d 611. Two friends went fishing and shared driving duties; there was no actual control by the owner, and the court refused to impute contributory negligence.

The probable numerical majority is summarized in the Restatement, 2 Torts 1267, § 485, Imputed Negligence; General Principle:

"Except as stated in §§ 493 and 494 [death and loss of services], a plaintiff is barred from recovery by the negligent act or omission of a third person if, but only if, the relation between them is such that the plaintiff would be liable as a defendant for harm caused to others by such negligent conduct of a third person."

The Restatement test is what Harper and James call "the both-ways test." Harper and James, The Law of Torts (Little, Brown & Co., Boston, 1956) § 23.6, 1273-1277. To illustrate, if Johnson's car had negligently struck Alvord's car from the rear, Johnson would be liable if she had the right to control the driver. *Judson v. Bee Hive Auto Service Co.,* supra. This would follow even though Johnson was asleep in the back seat and was guilty of no act or omission which would be called negligence.

The Restatement rule, then, would lead to the result that Johnson, if vicariously liable for Campbell's negligence, would herself be denied recovery for her own injuries. The defendants say that Oregon should follow the quoted section of the Restatement, which makes the convenient concept of vicarious fault a two-edged sword.

As pointed out by the defendants, vicarious contributory negligence is a bar to recovery in several jurisdictions. But a number of well-reasoned decisions have been cited by the plaintiff as indicating a trend toward a rule more consistent with the facts of life today. In each of the following cases, the courts analyzed the factual relationship of the occupants of the auto, and found that actual control over the driver was absent. There being no other ground to deny recovery except by reaching for vicarious liability, these courts have refused to do so, and have allowed recovery. *Petersen v. Schneider,* 154 Neb 303, 47 NW2d 863; *Davis v. Spindler,* 156 Neb 276, 56 NW2d 107; *Stafford v. Roadway Transit Co.,* 165 F2d 920, 922 (Pennsylvania law); *Schweidler v. Caruso,* supra.

Relinquishment of the control of an automobile to a competent driver of her own choice is not alone evidence of negligence. This, of course, leaves apart the question whether the owner in a proper case may also be guilty of actual negligence in the choice of a driver. That question is involved in the instant case, but will be dealt with elsewhere in this opinion.

The only virtue in the doctrine of contributory negligence is that it prevents one tort-feasor from profiting by the wrong of another. In many cases the doctrine results in hardship. Some jurisdictions have abandoned or modified the doctrine in various degrees, as in the concept of comparative fault in Wis-

consin. Oregon has adopted comparative negligence in employer liability cases, and has abandoned contributory negligence altogether in workmen's compensation cases. The last-clear-chance doctrine has been invented to blunt the edge of contributory negligence in a limited group of cases, and the wanton-and-reckless-conduct rule has further eroded the effect of contributory negligence in others. If contributory negligence is a doctrine of dubious virtue, then there is no good reason for inventing fictitious fault where there is no real negligence, to bar an injured passenger, even though the same passenger, as an owner, might herself be liable as a matter of public policy for injuries to others under certain circumstances.

■ The practical necessity for imposing liability on an owner in the cases which do justify the doctrine of imputed liability is not present in the sitation where the owner is an injured passenger in his own car. The two-way test of the Restatement does not commend itself as either useful or necessary. Its only virtue, as pointed out in Harper and James, supra, is that it is logical and symmetrical. Important legal rights ought to have better footing than mere architectural symmetry. It would have been a jury question whether at the time of the accident Johnson was actually exercising control over the driver of the car, if there had been contradictory evidence. Actually, the undisputed evidence in the record showed no such exercise of control.

The judgment appealed from should be reversed. Since there will be another trial, the remaining assignments of error are noted.

■ Error is assigned to specific instructions which submitted to the jury the defendants' theories of emergency and of contributory negligence on the part of the

plaintiff in her own right as distinguished from the vicarious negligence discussed above. The evidence justified the presentation of these issues to the jury, and the instructions as a whole fairly stated the law with regard to those issues. See cases on emergency cited in *Tuite v. Union Pacific Stages et al,* 204 Or 565, 595, 284 P2d 333, and on sleepy drivers collected in Annotation, 28 ALR2d 12, 89.

■ In the fourth assignment of error, the plaintiff excepts to the giving of an instruction on the defendants' theory that Johnson herself should have kept a lookout while the car was being driven by Campbell. The instruction should not have been given. *Whiting v. Andrus,* 173 Or 133, 144 P2d 501; *Protrka v. Alger,* 209 Or 479, 307 P2d 289.

Plaintiff also denied that ownership by Johnson was established merely because her name appeared on the registration as co-owner. Accepting the proposition that Johnson was a bare-legal owner holding title for a minor child, the fact remains that the auto was in her possession and under her control before she surrendered the steering wheel to Campbell. However, this is unimportant in view of the holding that she is not barred by imputed contributory negligence alone.

Reversed and remanded.