(May 27, 1968)

■ KARL LINDNER, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 41988.) ELIZABETH LINDNER, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 41989.) KARL LINDNER, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 41990.) — HERLIHY, J. Appeal by the State and cross appeal by the claimant Karl Lindner from a judgment of the Court of Claims awarding the claimant the sum of $7,596.50 and appeal by the claimants from judgments which (1) dismissed the derivative claim of Karl Lindner for medical expenses and loss of services as to his wife Elizabeth Lindner; (2) dismissed the claim of Elizabeth Lindner. The causes of action against the State arose out of an automobile accident which occurred on Route 42 in the Catskill Mountains. Elizabeth Lindner was driving the car which was owned by her husband Karl Lindner and he was a passenger in the car. The car proceeded onto an icy stretch of pavement and skidded into a guardrail on the opposite side of the highway causing injuries to the claimants. The trial court found that the State was negligent in its failure to sand the icy surface at this point and also in failing to erect appropriate signs warning of such danger. The court also found that Elizabeth Lindner had failed to prove her freedom from contributory negligence. As to contributory negligence, the court found that the ice patch could be seen from a distance of 380 feet and that after reaching the patch Mrs. Lindner travelled about 300 feet on the ice when she applied her brakes. " Why she applied the brakes when she did was not explained." Upon the present record we cannot say that as a matter of law the court could not find a failure to prove freedom from contributory negligence and accordingly the dismissal of the claims should be affirmed. The State contends that the claim of Karl Lindner must also be dismissed upon the authority of *Gochee* v. *Wagner* (257 N. Y. 344, 346, 348). In that case the court held that as a matter of law the negligence of the driver is imputable to the owner of the automobile when said owner is present in the car at the time of the accident. In both that case and the present case the owner was so present and failed to exercise any control over the driver. The present case does not necessitate a decision as to what limits, if any, there may be on the application of the *Gochee* rule. (See *Jenks* v. *Veeder Contr. Co.*, 177 Misc. 240, mod. 264 App. Div. 979, affd. 290 N. Y. 810.) There is no apparent difference between the present case and *Robinson* v. *State of New York* (38 Misc 2d 229, 234, affd. 19 A D 2d 946, mot. for lv. to app. den. 14 N Y 2d 484) and accordingly, the claim of Karl Lindner for personal injuries should have been dismissed as a matter of law. Judgment in favor of Karl Lindner reversed, on the law and the facts, and claim dismissed, without costs; judgments in favor of the State against Elizabeth Lindner and in the derivative action of Karl Lindner affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Herlihy, J. [49 Misc 2d 908.]