■ JOAN KLINGER, Respondent, v. EDWIN A. BERBEN et al., Appellants.— MEMORANDUM BY THE ·COURT. Appeal from orders of the Supreme ·Court, entered June 16 and August 22, 1969 in Albany County, setting aside a verdict in favor of plaintiff rendered at a Trial Term, and granting a new trial limited to the issue of damages. Defendant also appeals from the failure of the court to charge the doctrines of imputed negligence and joint enterprise. Respondent and two friends, Harriet Lubin and Leona Pallas, were traveling north on Route 22 on a skiing trip when the vehicle in which they were riding, owned by respondent's father, Henry Klinger, was struck ·by appellants' car which was proceeding east on Route 43. At the time of the crash, the Klinger vehicle was being driven ·by Harriet Lubin, who was killed instantly, while respondent sustained a cerebral concussion, multiple fractures and contusions. The trial court, finding that Mr. Klinger had vested equal custody and control of his vehicle in both his daughter and Miss Lubin, refused to charge the ·doctrine of imputed negligence. The court also refused to charge the rule of joint enterprise, finding that there was lacking an agreement ·between Miss Lubin and respondent ·to share the expenses of the trip. The jury returned a verdict for respondent against appellants in the amount of $7,000. The verdicts of the jury in actions joined for trial with the case at bar indicate that the jury found the ·drivers of both vehicles, Terri Berben and Harriet Lubin guilty of negligence. Respondent's motion to set aside the verdict in her favor on the ground of inadequacy was granted, and a new trial limited to the question of damages was ordered. The facts surrounding appellants' contentions of joint enterprise as well as imputed negligence may ·be summarized as follows: during the week prior to the accident, respondent requested use of her father's 1965 ·Chevrolet in order to go skiing with her friends. Her father informed respondent and ·Harriet Lubin that they both were to drive his car. There was no express arrangement with respect to sharing of expenses prior to the trip. The initial driving on the day of the accident was accomplished by the respondent. After traveling some distance she stopped the car and Harriet Lubin took over. The accident occurred shortly thereafter. Respondent's father testified that he had given permission to both his daughter and Miss Lubin to drive his car on their trip, and that they were to share ·the driving between them. He replied in the affirmative when asked whether he was "relying on the two of them". On these facts the trial court properly refused to ·charge the doctrine of imputed negligence (Jenks v. Veeder Contr. Co., 177 Misc. 240, mod. 264 App. Div. 979, affd. 290 N. Y. 810), and the refusal of ·the trial court to charge the doctrine of joint enterprise was also appropriate. In view of the severity of the injuries ·plaintiff sustained, the trial ·court properly set aside, as inadequate, the jury verdict returned in her favor in the amount of $7,000. Orders affirmed, with costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and 'Sweeney, JJ., concur in memorandum by the court.