Argued March 4, reversed and remanded July 29, 1970

# ADAMS, *Appellant, v.* TREAT, *Respondent.*

472 P2d 270

*Raymond J. Conboy*, Portland, argued the cause for appellant. With him on the brief was Eugene L. Pfeiffer.

*Alfred T. McGill*, Portland, argued the cause for respondent. On the brief were McGill & Clarke.

Before PERRY, Chief Justice,* and McALLISTER, SLOAN, O'CONNELL, DENECKE, HOLMAN and TONGUE, Justices.

McALLISTER, J.

This is an automobile personal injury action in which the jury found for defendant and plaintiff appeals. The principal question is whether the court erred in permitting the jury to impute to the plaintiff the alleged contributory negligence of her husband.

Plaintiff and her husband were on a Sunday drive in their jointly owned automobile. The husband was driving and two of their small children were in the back seat. They drove from Portland to Scappoose on Highway 30 and then turned westerly on the road to Vernonia. As they often did on their Sunday drives,

---

* Perry, C.J., retired June 1, 1970.

the Adamses intended to look for property for sale. They had in mind a small acreage, preferably with a home on it.

Near Scappoose the Adamses stopped at a farm and inquired whether any property was for sale in the area and were told about a property for sale two or three miles up the road. They drove on toward Vernonia traveling at about 40 to 45 miles per hour and, as the car rounded a "sweeping curve," plaintiff saw a "For Sale" sign. She called her husband's attention to the sign, saying: "There is a sign", or some similar statement. According to plaintiff and her husband he slowed the car to between five and ten miles an hour, pulling over to the right so that the car's right wheels were on the gravel shoulder, which was about a foot wide. The road at the place in question was a two-lane, black-top highway approximately 18 feet wide. Defendant, following the Adams' car in a pickup truck, rounded the curve and struck the Adams' car from behind. From defendant's testimony the jury could have found that the Adams' car was fully stopped or possibly moving backward slightly when defendant's pickup came around the curve.

Defendant alleged, as an affirmative defense, that plaintiff and her husband were engaged in a joint enterprise; that the husband was negligent, and that his negligence should be imputed to plaintiff. The trial court denied plaintiff's motion to take the imputed negligence defense from the jury and then instructed the jury, at some length, about that defense, to all of which plaintiff excepted.

We think the court erred in permitting the jury to impute the husband's negligence to the plaintiff in this case. Our decisions have progressively limited the

bases on which the contributory negligence of one person may be imputed to another. We have held that neither the marital relationship alone[1] nor the marital relationship in conjunction with joint ownership of the automobile by both spouses[2] will justify imputing the negligence of the driving spouse to the passenger spouse. We have also held that a community of interest in the purpose of the trip arising out of the marital relationship will not justify the imputation of negligence between spouses either by elevating such marital community of interest to the level of a joint enterprise or inferring therefrom any theoretical control.[3]

■ We decline to classify as a joint enterprise the usual family activities that engage the common interest of both spouses, such as taking a child to the doctor,[4] going to vote,[5] or purchasing a home, in order to deny recovery to an innocent passenger spouse because of the negligence of the driving spouse.

■ There is some doubt whether negligence should ever be imputed to deny recovery to an innocent partner or employer,[6] but, in any event, the imputation of contributory negligence to a partner in a joint enterprise should be limited to an enterprise involving a

---

[1] Blevins v. Phillips, 218 Or 121, 125, 343 P2d 1110 (1959).

[2] Parker v. McCartney, 216 Or 283, 338 P2d 371 (1958); Blevins v. Phillips, supra, n. 1.

[3] Ditty v. Farley, 219 Or 208, 347 P2d 47 (1959); Blevins v. Phillips, supra, n. 1, 218 Or at 126.

[4] Smith v. Bishop, 32 Ill 2d 380, 205 NE2d 461 (1965).

[5] Porter v. Wilson (Wyo 1960) 357 P2d 309.

[6] See, e.g., Pierson v. Edstrom, Minn, 174 NW2d 712 (1970) and Weber v. Stokely-Van Camp, Inc., 274 Minn 482, 144 NW2d 540 (1966), abolishing the rule of imputed contributory negligence based on joint enterprise and master-servant relationships.

"community of pecuniary interest." Restatement, Torts 2d § 491, Comment c.[2]

■ Both *Edison v. Anderson*, 208 Or 470, 302 P2d 561 (1956) and *Bartholomew v. Oregonian Pub. Co.*, 188 Or 407, 216 P2d 257 (1950) state that to establish a joint enterprise one must show a community of interest in the object of the undertaking and a right of control. Neither case makes clear what is meant by "right of control" or what facts would establish its existence. Moreover, they appear to reverse the proper order of analysis. A right of control does not come spontaneously into existence. It must arise by virtue of some agreement or relationship. To say that the relationship which would give rise to a right of control cannot exist unless the right of control is first established is a confusing approach.

However, those cases are no longer of much concern because, whenever imputed contributory negligence is involved, the earlier cases must be read in light of *Johnson v. L.A.-Seattle Mtr. Exp., Inc.*, 222 Or 377, 387, 352 P2d 1091 (1960). In that case plaintiff was asleep in the back seat of her own car, which was being driven by a friend, when it collided with the defendant's truck. Because "the undisputed evidence in the record showed no such exercise of control" by the plaintiff we held, as a matter of law, that the contributory negligence of the driver could not be imputed to the owner. We rejected both the two-way

---

[2] In Robison v. Oregon-Wash. R & N Co., 90 Or 490, 176 P 594 (1919), the joint enterprise defense was held to present a jury question where there was a common family purpose for the trip, and a conflict in the evidence as to the ownership of the car. To the extent that *Robison* is inconsistent with our present opinion it is overruled.

test⑧ and fictitious control as bases for imputing negligence. We held that the proper basis for imputing negligence is actual rather than theoretical control.

■ In this case there is no evidence of actual control by plaintiff over her husband. Merely calling her husband's attention to a "For Sale" sign is not evidence that plaintiff was controlling or attempting to control his operation of the car.

Because we hold that the joint enterprise defense should not have been submitted to the jury, the case must be reversed and remanded for a new trial. Plaintiff's other assignments of error need not be considered at this time; their solution depends on the evidence, and the same questions may not arise upon the retrial.

Reversed and remanded.

---

⑧ The two-way test was that adopted in the original Restatement, Torts § 485:

"* * * [A] plaintiff is barred from recovery by the negligent act or omission of a third person if, but only if, the relation between them is such that the plaintiff would be liable as defendant for harm caused to others by such negligent conduct of the third person."