Argued October 29, reversed and remanded November 12, 1970

DICKSON, *Appellant, v.* HOLLINGER
ET UX, *Respondents.*

476 P2d 557

*Stuart E. Foster,* Medford, argued the cause for

appellant. With him on the brief were Frohnmayer & Deatherage, Medford.

*Glenn D. Ramirez*, Klamath Falls, argued the cause for respondents. With him on the brief were Ramirez & Hoots, Klamath Falls.

Before O'CONNELL, Chief Justice, and DENECKE, TONGUE, and BRYSON, Justices.

TONGUE, J.

This is an action for damages for personal injuries resulting from an automobile accident. Plaintiff was a passenger in a car driven by her husband, while defendant William Hollinger was a passenger in a car driven by his wife, defendant Gladys Hollinger. Plaintiff joined defendant William Hollinger as a party defendant by alleging that the negligence of his wife, as driver, was imputable to him. Both defendants, in turn, alleged as a defense that plaintiff's husband was negligent and that such negligence was imputable to her as contributory negligence.

The trial judge overruled a motion for directed verdict on behalf of defendant William Hollinger and also overruled plaintiff's motion to strike the defense of contributory negligence, holding that there was no more reason "why negligence should be imputed to one family than to the other." He then submitted both issues to the jury.

The jury returned a verdict in favor of both defendants. Plaintiff appeals from the resulting judgment, contending that under *Johnson v. Los Angeles-Seattle Motor Express, Inc.*, 222 Or 377, 352 P2d 1091 (1960), the evidence was insufficient to submit to the jury the question whether negligence by plaintiff's hus-

band, as the driver, was imputable to her, as a passenger.

Defendants, on the contrary, contend that "the negligence of a passenger spouse in a jointly owned motor vehicle" does not "depend upon whether he is plaintiff or defendant in a lawsuit"; that plaintiff's "failure to instruct the driver to take safety precautions was at least circumstantial evidence of contributory negligence," imposing a duty on the trial court to submit the issue to the jury; that the case was "tried under the issues framed by the parties before trial" and was fairly submitted to the jury, under instructions "favorable to the plaintiff," with the result that plaintiff was not prejudiced, and that plaintiff "was attempting to seek a one-sided advantage of the law and is not at this time entitled to have the verdict and judgment set aside."

■ The facts relating to the issue of imputation of the negligence of plaintiff's husband, as driver, to plaintiff, as a passenger, are as follows. Plaintiff and her husband were riding in a jointly owned car (normally used by plaintiff) to get a jointly owned pickup truck (normally used by her husband) which had been left at the home of their daughter. As they approached the scene of the accident they both observed defendant's car turning around in a farmyard. Plaintiff then said to her husband, "There is a car turning around in the Meeker yard." They both then watched the car move down the driveway, thinking that it would stop before entering the highway. When defendant's car did not stop as it reached the highway, plaintiff said to her husband, "I don't think they're going to stop." The two cars then collided. Plaintiff did not, however, tell her husband to stop or slow down.

In *Johnson v. Los Angeles-Seattle Motor Express, Inc., supra,* under even stronger facts (involving the sole owner of a car as the passenger) this court said, at p 385:

"But the right of control as a convenient ground for imposing liability on an innocent owner is not equally cogent when employed to deprive an innocent owner of a remedy against a third party tort feasor merely because such rule has the structural balance of reciprocity. Right to control does not equal actual control."

and (at p 387) that:

"If contributory negligence is a doctrine of dubious virtue, then there is no good reason for inventing fictitious fault where there is no real negligence, to bar an injured passenger, even though the same passenger, as an owner, might herself be liable as a matter of public policy for injuries to others under certain circumstances.

"The practical necessity for imposing liability on an owner in the cases which do justify the doctrine of imputed liability is not present in the sitation [sic] where the owner is an injured passenger in his own car. The two-way test of the Restatement does not commend itself as either useful or necessary. Its only virtue, as pointed out in Harper and James, supra, is that it is logical and symmetrical. Important legal rights ought to have better footing than mere architectural symmetry. It would have been a jury question whether at the time of the accident Johnson was actually exercising control over the driver of the car, if there had been contradictory evidence. Actually, the undisputed evidence in the record showed no such exercise of control."

See also *Parker v. McCartney,* 216 Or 283, 285, 338 P2d 371 (1958); *Blevins v. Phillips,* 218 Or 121, 127,

343 P2d 1110 (1959); and *Adams v. Treat,* 256 Or 239, 472 P2d 270 (1970).

As in *Johnson,* there was no evidence in this case from which the jury could properly find that plaintiff either had or exercised any actual control over the operation of the car. It follows that any negligence by plaintiff's husband could not be imputed to her as contributory negligence and that it was error for the trial court to deny plaintiff's motion and requested instructions to withdraw that issue from the jury.

The motion of defendant William Hollinger for a directed verdict, which was also denied, was also based upon the contention that negligence by his wife was not imputable to him. That question, however, is not before this court on this appeal.

2. It was the duty of the trial court to pass separately and independently upon plaintiff's motion to strike and withdraw the defense of contributory negligence and upon the motion of defendant William Hollinger for a directed verdict. The fact that both motions involved somewhat similar questions of law and fact did not justify the denial of both motions and the submission of both issues to the jury.

For the same reasons, defendant cannot now be heard to contend that plaintiff was not prejudiced by the denial of her motion and that she is not entitled to appeal from the adverse verdict and judgment in this case.

Reversed and remanded for new trial.