Argued June 7, reversed and remanded July 12, 1961

# SHEEHAN *v.* APLING

363 P. 2d 575

*H. William Barlow*, Salem, argued the cause and submitted briefs for appellant.

*C. S. Emmons*, Albany, argued the cause for respondent. On the briefs were Willis, Kyle & Emmons, Albany.

Before McAllister, Chief Justice, and Rossman, Perry, Goodwin and Lusk, Justices.

GOODWIN, J.

This is an action for damages for injuries sustained in a highway collision. The plaintiff, who was a passenger in his own truck, appeals from a judgment entered for the defendant-driver following a directed verdict.

Did the trial court err in taking the case from the jury? The plaintiff, Sheehan, contends that if there was evidence of negligence on his part, which he denies, there was a jury question. The defendant, Apling, contends that contributory negligence was proven as a matter of law and that the directed verdict was properly entered.

Apling, who was moving his household goods from Toledo, Washington, to Coos Bay, Oregon, asked his

596

friend Sheehan for the use of Sheehan's 1942 Ford
truck. Sheehan obliged by loaning Apling the truck
and then agreed to accompany Apling on the trip to
help unload the furniture. Sheehan drove to Coos Bay.
He also drove the first part of the return trip. At the
time of the accident, Apling was driving. The collision
occurred about 6:30 a.m., September 1, 1957. The
parties had been on the road about 22 hours. Sheehan
was awake, alert, and watching the road. He complains
that Apling was not. Visibility was good; the pave-
ment was dry. There was some evidence that neither
party had enough sleep prior to the accident. After
unloading in Coos Bay, they had turned around and
started north again. The parties had stopped long
enough for one meal.

The truck in which the parties were riding collided
with a passenger automobile proceeding south on old
Highway 99 near Tangent, Oregon. The record offers
little to show what caused the accident. There is
enough circumstantial evidence to justify an inference
that Apling went to sleep at the wheel, swerved over
the center line and into the path of the southbound
car. Sheehan swore he remembered the truck swerving
over the center line. He could not swear that Apling
went to sleep, but could give no other explanation for
Apling's behavior. Apling denied going to sleep and
said he thought the southbound car crossed over the
center line. All the other evidence in the record placed
the northbound truck in the wrong lane. Sheehan sued
both drivers, but has not appealed from the directed
verdict in favor of the southbound driver.

■ On the facts set forth above, the jury should
have been given the opportunity to consider Apling's
negligence and Sheehan's contributory negligence in
riding with Apling under the circumstances. There was

also a question for the jury whether Sheehan negligently exercised whatever control he might have had at the time of the collision and whether such negligence, if any, was a causal factor thereof. See *Johnson v. L. A.-Seattle Mtr. Exp., Inc.,* 222 Or 377, 388, 352 P2d 1091, where we distinguished between actual contributory negligence on the part of an owner-passenger and imputed negligence arising out of an agency relationship. A note, 27 Brooklyn L Rev 167, comments on similar cases in other states.

Apling contends that the right of control as understood in the law of agency is decisive in his favor. Apling reasons thus: Sheehan as owner had the right to control the vehicle, and therefore to control the driver. Right to control created an agency relationship. Since a principal is responsible for the negligence of his agent, Sheehan is responsible for the accident. Since Sheehan is responsible (on principles of *respondeat superior*), he can not recover from his negligent agent. The *non sequitur* is obvious.

 Whatever the rule may be if a third person sues Sheehan on these facts, *respondeat superior* does not affect Sheehan's rights against Apling. *Prauss v. Adamski,* 195 Or 1, 12, 244 P2d 598. Control will not bar Sheehan unless it was negligently exercised. Restatement, 2 Agency 2d 273, § 415. Sheehan's negligence must be actual, not derivative. There was no direct evidence of actual negligence. The defendants rested their case entirely upon imputed negligence. If Sheehan was in fact free from contributory fault in the causation of the accident, as a jury could have found, then he was entitled to recover from Apling. Restatement, 2 Agency 2d 241, § 402; 284, § 422. As we said in *Prauss v. Adamski,* supra:

"* * *. In certain relationships the negligence

of one person is imputed to another in favor of third persons. But a wrongdoer cannot by a fiction of law attribute his wrongdoing to the victim. In the typical instances of imputed negligence, those of master and servant and principal and agent, the negligence of a servant or agent is not imputed to the master or principal so as to prevent recovery against the servant or agent for negligence injuring the person or property of the master or principal. * * *' [Alderman v. Noble, 296 Mass 30, 4 NE2d 619, 620]

"Therefore, in the instant case, the negligence of the defendant, if there was negligence on his part, cannot be imputed to the decedent so as to bar a recovery in this action. This, of course, is independent of the proposition that if a principal is actually directing or controlling the acts of the agent at the time the negligent act is committed, he cannot recover from the agent for such negligence, because, in such circumstances, the negligence is directly his own. In such cases, the doctrine of imputed negligence has no application whatever." 195 Or at 12.

The point Mr. Justice Tooze made in *Prauss v. Adamski* was that an owner-passenger could be barred by his own negligence in giving inadequate or erroneous directions, or otherwise improperly exercising control over a driver, but could not be barred merely by the incidents of ownership and right to control. Since imputed negligence has no application, there must be actual negligence. Evidence thereof, if contradicted, presents a jury question. In the case at bar there was enough circumstantial evidence to present a jury question on the score of the plaintiff's negligence, but there was also evidence that the plaintiff was free from fault. In such a case, it is error to withdraw the question from the jury.

 Apling has attempted to make the point that

Sheehan was barred as a guest-passenger under ORS 30.110 if not barred by imputed negligence. Sheehan was riding with Apling to accommodate Apling. A guest-passenger is ordinarily one who accepts a ride for his own accommodation. *Albrecht v. Safeway Stores, Inc.*, 159 Or 331, 337, 80 P2d 62. Sheehan was not a guest.

Reversed and remanded.