Argued June 8, affirmed June 30, 1965

# MORRIS *v.* DOUGLAS COUNTY SCHOOL DISTRICT NO. 9

403 P. 2d 775

*Eldon F. Caley,* Roseburg, argued the cause for appellant. On the briefs were Long, Neuner, Dole & Caley, Roseburg.

*Edward M. Murphy,* Roseburg, argued the cause for respondent. On the brief were Stults, Jayne & Murphy, Roseburg.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

GOODWIN, J.

Action was brought for damages for injuries sustained by a six-year-old child who was crushed by a log at the beach while on a school outing. The case was tried to the court without a jury. Judgment was for plaintiff. The defendant school district appeals.

The evidence most favorable to the plaintiff tended to prove these facts: A group of some 35 school and preschool children went on a school day to the beach south of the mouth of the Umpqua River. The teacher in charge of the group was assisted by six other adults, including the mother of the injured child. A large log was lying on the beach, between 30 and 50 feet from the water's edge. The log was in the intertidal space. The beach was sandy and sloped gently toward the open sea. The evidence does not indicate whether the tide was running in or out, or whether it was a slack tide at the ebb stage. The only condition clearly revealed by the record is that the ebb tide had exposed a considerable expanse of sand which is flooded at high tide. Some sand had been exposed long enough

to be dry. The log was in the relatively dry area between high and low water lines. There was no unusual weather or wave action apparent to those present on the beach. Four children clambered upon the log, and the teacher in charge of the party posed them there so she could take motion pictures. The teacher turned her back to the ocean while she operated her camera. A mother called to one or more children to get off the log. This message either was not received, or it was rejected by the injured child. One child did get off the log. While the teacher was taking the pictures, a large wave surged up on the beach and momentarily buoyed up the log. The log rolled, causing the plaintiff's child to fall under it on the seaward side. As the water receded, it drew the log over the child. The teacher and another child were also knocked down by the log.

The appeal challenges the judgment on two principal points. First, the defendant contends that the trial court erred, as a matter of law, in holding the teacher to an excessively high standard of care. Second, the defendant contends that, even if an accident of this nature might, in some circumstances, be deemed to be foreseeable, the record in this case does not reveal such circumstances at the time and place in question.

■ The first proposition asks this court to hold, as a matter of law, that unusual wave action on the shore of the Pacific Ocean is a hazard so unforeseeable that there is no duty to guard against it. We decline so to hold. On the contrary, we agree with the trial judge, who observed that it is common knowledge that accidents substantially like the one that occurred in this case have occurred at beaches along the Oregon coast.

Foreseeability of such harm is not so remote as to be ruled out as a matter of law.

Finally, the defendant contends that the particular wave which engulfed the log and caused the injury was, insofar as the evidence in the record is concerned, as unforeseeable as a bolt of lightning on a clear day. The trial judge disagreed.

■■ Whether or not the kind of harm involved in this case was reasonably foreseeable was a question of fact. Foreseeability of harm gives rise to a duty to take reasonable care to avoid the harm. Whether or not those supervising school children exercise reasonable care for their protection is likewise a fact question. This case is no exception to the general rule. For a comprehensive collection of cases dealing with the duty of schools to provide reasonable supervision, see Annotation, 86 ALR2d 489, 554 (1962).

■ In a few words from the bench explaining his decision, the trial judge provided for the parties and for this court an insight that is not available to those examining the verdict of a jury. He expressed his analysis of the evidence as it bore upon the question of negligence as follows:

> "So, the court finds that the child was permitted to play on a log some thirty to fifty feet from the surf, on a beach of substantially level contour, sloping gently upward from the water * * *, on and adjacent to a log which would have a natural tendency to cause the youngsters playing about the log to become distracted from the action of the surf; and * * * at this self-same time, * * * [the teacher's] supervision was temporarily suspended during a movie-taking operation * * *— this, of course, at low tide at a time when the water could be expected to rise and come back in—putting

all of these circumstances together, the court does find that the * * * [teacher] under the combination of circumstances was negligent in failing to exercise proper supervision at the specific time of the accident."

We believe that the trial judge, speaking extemporaneously while the evidence was fresh in his mind, put the case about as well as it could be stated. There was sufficient evidence to support his finding.

Affirmed.