Argued July 11, reversed November 15, 1967, petition for
rehearing denied January 23, 1968

NIKKILA, *Respondent, v.* NIEMI, *Appellant.*

433 P. 2d 825

*James B. O'Hanlon,* Portland, argued the cause for appellant. With him on the brief was James F. Spiekerman, Portland.

*Jerry K. McCallister* and *Lawrence M. Dean,* Astoria, argued the cause for respondents. With Mr. Dean on the brief were MacDonald, Dean & McCallister, Astoria.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

DENECKE, J.

This is a guest case and the issue is whether the passenger is contributorily negligent as a matter of law. The trial court held he was not and the jury returned a verdict against the defendant host and the other driver. The defendant host appeals.

The accident occurred 10 days before the plaintiff's sixteenth birthday. The defendant host was 16 and a long-time friend and classmate of plaintiff. Before the accident the parties were riding around Astoria, Oregon, in the defendant host's family car. At a drive-in they met some friends in another car driven by the defendant Kelley. There was some talk of the respective merits of the cars and of a race. The two cars then drove to an outlying road where the plaintiff had previously "heard" races were held. The road had curves and was wet and slick; it was night and raining heavily. A race was held and the host's car went off the road, injuring plaintiff.

The court held that the 16-year-old driver was guilty of gross negligence as a matter of law because he knowingly took part in a race. The defendant contests that ruling, but we do not need to pass on this issue.

1. The key to the case is the factual issue: Did the plaintiff know there was going to be a race at the time when he could have safely left the car? The law is settled that if a passenger knows or should know that it is unsafe to ride with his host, such passenger is contributorily negligent if he continues to ride with such host if he has had a reasonable opportunity to get out of the car. *Zumwalt v. Lindland,* 239 Or 26, 35, 396 P2d 205 (1964), was the latest pronouncement of this principle. The unsafeness in that case was the possible intoxication of the host, but such unsafeness is legally comparable to riding with a host who is about to race, particularly under the adverse conditions here present.

From the testimony of the witnesses, who were participants in the race, other than the plaintiff, it is quite clear that all were aware at some time before the actual start of the race that there was going to be a race. There is confusion in the testimony about when the race actually began and about a possible false start. Mike Hill was riding in the other car and it is uncertain whether Hill was the starter of the race or of a false start. Much of plaintiff's testimony is likewise confusing. However, his testimony of what occurred just before the actual race commenced is unambiguous:

"Q When Warren—not Warren—I mean Nolan Kelly [sic] got in the left hand lane, you knew a race was then going to go on at that time, didn't you?

"A Yes.

"Q And you didn't say anything to anybody?

"A No.

"Q You didn't ask to get out of the car.

"A No.

"Q And at that time both cars were stopped, were they not?

"A I don't remember if they were really exactly stopped. They were —

"Q But Mike—whatever his name is—Hill, had to get out of the car, did he not. He didn't get off at a running —. In other words, he got out when the car was stopped.

"A Yes.

"Q You knew further at the time this race was about to begin, that it was unlawful to race?

"A Yes.

"Q Your answer is 'yes.'

"A Yes.

"Q And you knew at that time you were scared.

"A I was kind of scared—not really scared— I mean scared of what was going to happen to us. I was more or less scared to get out of the car because I thought, well, they would think I am chicken or something if I don't go along with them.

"Q And you went along with them.

"A Yes."

■ This testimony convinces us that the evidence, viewed most favorably for the plaintiff, is that the plaintiff knew he was about to be in a race and, therefore, he is contributorily negligent as a matter of law and cannot recover.

Plaintiff urges that because of plaintiff's youth he should not be required to conform to the standard of care required of an adult and, therefore, even if it

should be found that the plaintiff knew he was about to participate in a race, he should not be held contributorily negligent as a matter of law.

The latter part of the above-quoted testimony of the plaintiff refutes plaintiff's argument. Plaintiff was well aware of the dangers of engaging in the race. Plaintiff's fear of being thought of as "chicken" is a common phobia of youth, but fear of being thought "chicken" is commonly an ingredient of contributory negligence and rarely, if ever, an excuse for it.

■ A party's youth is taken into consideration when judging whether or not he knew or should have known of the danger, but it does not excuse his embarking on a course of knowingly dangerous conduct.

The reasonably prudent 15-year-old would not take part in a race under the hazardous conditions known to exist even though he knew that to refuse to take part would probably result in his being labeled "chicken" by his companions.

■ We did not consider this identical problem in *Pocholec v. Giustina*, 224 Or 245, 355 P2d 1104 (1960); however, the opinion contains statements supporting the proposition that if a child knows or should know of the danger and consciously encounters it, he is contributorily negligent:

> "* * * [T]he particular child for whose injury recovery is sought may be barred from recovery, either because he fully realized the risk and consciously encountered it or because, while he may not have realized the danger involved in exposing himself to the condition, he failed to exercise the care which children of his age, intelligence and experience are required to exercise for their own protection. * * *" 224 Or at 253.

In the same case, in discussing the defense of assumption of the risk, we stated:

"* * * If the jury had found that plaintiff's decedent [a nine-year-old boy] did fully realize the risk and consciously proceeded to encounter the danger despite such appreciation, then defendant simply would have owed no duty to plaintiff's decedent. * * *" 224 Or at 256-257.

The trial court erred in failing to grant a directed verdict in favor of defendant Niemi.

Reversed.

McALLISTER, J., dissenting.

Plaintiff was not an adult, nor was he engaged in an activity for which adult qualifications are required. He was not driving an automobile, nor was he old enough to qualify for a driver's license. In *Nielsen v. Brown,* 232 Or 426, 446, 374 P2d 896, 905 (1962), we quoted from Restatement of Torts the rule applicable to a child as follows:

" 'If the actor is a child, the standard of conduct to which he must conform to avoid being negligent is that of a reasonable person of like age, intelligence and experience under like circumstances.' Restatement of the Law, Second, Torts, Tentative Draft No. 4, p. 18."

The above rule should be applied in determining whether plaintiff was contributorily negligent. The application of the rule presents a question of fact for the jury. As said in Anno. 77 ALR2d at 932:

"Whether the question of a child's contributory negligence is regarded as one of capacity, standard of care, or compliance with that standard, the courts are in substantial agreement that normally, if not

always, a question of fact for the jury is presented, rather than one of law for the court. * * *"

I would affirm.

SLOAN and GOODWIN, JJ., concur in this dissent.