Argued January 21, affirmed February 25, 1971

# SUMMERS, *Respondent, v.* MILWAUKIE UNION HIGH SCHOOL DISTRICT No. 5, CLACKAMAS COUNTY, *Appellant.*

481 P2d 369

*John C. Anicker, Jr.*, Oregon City, argued the cause for appellant. On the brief were Jack, Goodwin & Anicker, Oregon City.

*Charles A. Sams*, Oregon City, argued the cause for respondent. With him on the brief were Misko, Njust & Bowerman, Oregon City.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Plaintiff was injured while performing an exercise in a physical education class conducted by defendant school district. She claims defendant was negligent in requiring her to perform the exercise. The jury verdict awarded plaintiff damages. Defendant appeals assigning as error the failure of the court to allow its motion for a directed verdict on the ground that there was insufficient evidence to support plaintiff's specification of negligence that defendant knew, or should have known, that requiring plaintiff to perform the exercise could result in serious physical injury. This assignment requires a recital of the facts which are to be considered in a light most favorable to plaintiff. *Whisler v. U.S. Nat. Bank of Portland*, 160 Or 10, 12, 82 P2d 1079 (1938); *McMillan v. Kik*, 181 Or 270, 271, 181 P2d 128 (1947).

The exercise consisted of jumping from an elevated board 14 inches high which rested on a coiled spring, touching the toes in the air and landing on the

feet. When plaintiff attempted the exercise she landed on her feet, lost her balance and fell backward. She suffered a compression fracture of two vertebrae.

Defendant school district required all students to earn a certain number of physical education credits as a requisite to graduation unless excused by a doctor. When plaintiff was a freshman in high school, 1965-66, she was excused from all physical education for the last half of the year by a doctor's note because of a back condition. During her sophomore year, 1966-67, plaintiff was excused pursuant to a doctor's excuse dated November 25, 1966, from doing sit-ups in physical education classes because of a back disability. These doctor's excuses were part of the permanent records on plaintiff maintained by the defendant school district.

Plaintiff's mother testified that her daughter complained of back pain in November and December of 1967 and plaintiff's mother asked their doctor for advice concerning the back pain. The doctor requested a list of the exercises and type of gymnastics plaintiff was required to perform at school. Plaintiff's mother relayed that request to plaintiff's counselor at school. This request was made at least four different times, the last being about one week prior to the accident. The list was never provided. Plaintiff's doctor testified that plaintiff should not have been doing the springboard exercise because she was not coordinated enough to do it correctly and he would have recommended that she not participate in that exercise had he known she was doing so.

■ Defendant concedes that there was sufficient evidence to enable the jury to find that defendant re-

quired the performance of the exercise in question and that plaintiff had a previous infirm back condition. Defendant contends there is no evidence that defendant knew or should have known that such previous infirm back condition created a hazard of injury to plaintiff. Had it not been for defendant's failure to furnish the requested list of exercises, the defendant, presumably, would have been advised of the hazard by an excuse from the doctor. A person is bound not only by what he knows but also by what he might have known had he exercised ordinary diligence. See *Sullivan v. Mount. States Power Co.*, 139 Or 282, 9 P2d 1038 (1932); *Russell v. Oregon R. & N. Co.*, 54 Or 128, 102 P 619 (1909).

█ A physical education instructor is required to exercise reasonable care for the protection of the students under his supervision. *Morris v. Douglas Co. S.D. No. 9*, 241 Or 23, 403 P2d 775 (1965); *Vendrell v. School District No. 26C et al*, 226 Or 263, 360 P2d 282 (1961). It is the foreseeability of harm which in turn gives rise to a duty to take reasonable care to avoid the harm.

In *Morris* the court said:

"* * * Foreseeability of harm gives rise to a duty to take reasonable care to avoid the harm. Whether or not those supervising school children exercise reasonable care for their protection is likewise a fact question. * * *" 241 Or at 26.

Under the circumstances in this case, we think that whether the kind of harm which resulted from requiring plaintiff to attempt the springboard exercise was reasonably foreseeable was a question of fact.

Defendant's assignment of error is without merit.

Affirmed.