Argued October 2, reversed and remanded November 13, petition
for rehearing denied December 6, 1973, petition for
review denied January 15, 1974

GRANT, *Appellant, v.* LAKE OSWEGO SCHOOL
DISTRICT No. 7 ET AL (No. 76629), *Respondents.*

515 P2d 947

*Gerald R. Pullen,* Portland, argued the cause for appellant. With him on the briefs was Bernard K. Smith, Portland.

*Ridgway K. Foley, Jr.,* Portland, argued the cause for respondent Lake Oswego School District No. 7. *Jeffrey M. Batchelor,* Portland, argued the cause for respondent Toni Berke. With them on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe and Wayne A. Williamson, and Gearin, Landis & Aebi and Fred M. Aebi, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

This appeal is from a trial court order after a plaintiff's jury verdict setting the verdict aside and in the alternative granting a new trial.

Plaintiff Carol Grant, a child, by her guardian ad litem Marian Grant, her mother, brought this action against defendants for personal injuries sustained in an accident that occurred during a physical education class on January 4, 1971. Plaintiff was a 12-year-old seventh grade student at the time of the accident. Defendants are the School District and Toni Berke, the physical education teacher in charge of the class. The injury occurred when plaintiff jumped off a springboard and struck her head on a low doorway beam.

Plaintiff alleged that defendants were negligent:

"1. In placing a springboard under a low ceiling and doorway.

"2. In failing to turn the springboard on its side or otherwise making it harmless.

"3. In failing to warn the students of the danger of hitting the low ceiling and/or doorway.

"4. In failing to supervise the students in the use of dangerous exercise equipment."

Defendants School District and Berke alleged that the plaintiff was contributorily negligent in jumping on the board without permission at a time and place when and where it was not supposed to be used, in using the springboard with too much force, and in failing to maintain a proper lookout. Evidence showed that on January 4, 1971 a class of 17 seventh grade girls was

having its first instruction in gymnastics in a school "exercise room" with a high ceiling. When class began, a springboard was in place on a mat in the center of the room. Defendant Toni Berke was in charge of the class, aided by two eighth grade student assistants. During the class period some of the students took turns jumping off the springboard, others practiced the use of a balance beam or practiced tumbling. Plaintiff testified that she used the springboard up to 20 times during the class and that all the girls did was to jump off the springboard and land on their feet. One girl testified that she had merely followed the example set by the other girls in using the springboard. Plaintiff testified that one of the student assistants had demonstrated at the beginning of the class the exercise to be performed. Near the end of the class plaintiff and three other girls, on instruction of defendant Toni Berke, dragged the springboard from the middle of the exercise room to an entrance alcove where the springboard was normally stored. The alcove had a low ceiling and was separated from the exercise room by a doorway that had a seven-foot clearance.

Plaintiff and two of the other girls testified that the teacher had told them to drag the springboard "over here." Plaintiff admitted she understood that she was putting the springboard away. Defendant Toni Berke testified that she had told the girls to put the springboard away and tip it up on its side against the wall in the alcove where it was stored.

After instructing the girls to move the springboard, defendant Toni Berke turned her attention elsewhere in the exercise room. She was standing in a position where she had no view into the entrance alcove. Plaintiff and the others testified that they dragged the

springboard into the alcove and left it there upright. The springboard was pointed toward the exercise room with the end just behind the doorway. Plaintiff then jumped off the springboard. She felt that she would propel herself into the exercise room. The lighting was good and she was aware of the low clearance of the doorway. She struck her head on the beam above the door and fell, injured. Another girl was standing behind her intending to jump into the exercise room after plaintiff.

At the close of the trial defendants moved for a directed verdict and to withdraw each of plaintiff's allegations of negligence. This motion was denied. The jury returned a verdict for plaintiff and awarded her $10,500 in damages. Upon motion by defendants the trial judge granted judgment notwithstanding the verdict on the grounds that its denial of the motion for a directed verdict had been improper since the evidence was insufficient to support any of plaintiff's allegations of negligence and that plaintiff was guilty of contributory negligence as a matter of law.[1] The court also granted a motion in the alternative for a new trial on the ground that the evidence failed to support at least one (without designating any one or more) of plaintiff's allegations of negligence and therefore the jury should not have been allowed to consider all four specifications.

The issues on appeal are: (1) whether the court erred in concluding that the evidence showed that plaintiff was guilty of contributory negligence as a

[1] The injury occurred before the effective date of ORS 18.470 which eliminated contributory negligence as bar to recovery and substituted the comparative negligence of the parties as a measure of damages.

matter of law; (2) whether the court erred in holding that the evidence failed to support any of plaintiff's allegations of negligence; and (3) if we conclude that the court erred on both issues, (1) and (2) above, was the evidence insufficient to support at least one of plaintiff's allegations so that defendants are entitled to a new trial on the remaining specifications of negligence.

■■ (1). The child was not barred from recovery by contributory negligence as a matter of law. A child may be, under proper evidence, so barred. *Nielsen v. Brown,* 232 Or 426, 445, 374 P2d 896 (1962); *Pocholec v. Giustina et al,* 224 Or 245, 253, 355 P2d 1104 (1960); *Hutchison v. Toews,* 4 Or App 19, 476 P2d 811 (1970).

In *Nikkila v. Niemi,* 248 Or 594, 433 P2d 825 (1967), the court held that a 15-year-old boy injured in an automobile wreck was contributorily negligent as a matter of law when it appeared from his testimony that he knew the driver of the car was going to participate in a race and knew that to do so would be dangerous.

"Whether the question of a child's contributory negligence is regarded as one of capacity, standard of care, or compliance with that standard, the courts are in substantial agreement that normally, if not always, a question of fact for the jury is presented, rather than one of law for the court. This conclusion seems to follow almost necessarily from the consideration that the answers to the relevant questions involve an investigation of the child's actual development, that is, of his age, intelligence, and experience or education; the formulation of a fictional child having the same or similar capacities; and then the determination as to whether the plaintiff's actual conduct under the circumstances, often itself a matter of dispute, comes up to the standard which

is expected of his fictional counterpart." (Footnote omitted.) Annotation, 77 ALR2d 917, 932 (1961).

This rule appears to apply in Oregon because, in those cases we have cited where the court held contributory negligence barred jury verdicts for the plaintiffs, there was positive testimony by the child plaintiffs that they knew they were engaging in dangerous courses of conduct. Given that testimony, the courts concluded that as a matter of law reasonable persons could not disagree that the plaintiffs were contributorily negligent. The court in *Nikkila v. Niemi*, supra, also stated:

"A party's youth * * * does not excuse his embarking on a course of knowingly dangerous conduct." 248 Or at 598.

■ In the case at bar there is no testimony to the effect that plaintiff knowingly embarked on a course of dangerous conduct. Her contributory negligence, if any, was in her failure to appreciate the danger of her act, not in her failure to perceive the source of her danger. She knew the beam was there but jumped anyway, thinking she would miss it. If she should have known this was dangerous and did it anyway, then she would be guilty of negligence. *Pocholec v. Giustina et al,* supra. However, the question of what she should have known (absent testimony that she actually knew) is a question that depends upon what a hypothetical child of like age, intelligence, and experience should have known given similar circumstances. From the evidence presented in this case, that this was plaintiff's first experience with the use of a springboard and the apparent absence of in-depth instruction in its use and characteristics, a reasonable jury could have concluded that a similar child would not have appreciated the danger.

(2). Viewing the evidence in the light most favorable to the plaintiff, did the court err in concluding "that plaintiff produced no evidence worthy of the jury's consideration of acts of negligence by the defendants as alleged in the * * * complaint * * *."?

■ Plaintiff has alleged that defendants were negligent in four particulars, supra. Defendant School Board's negligence is predicated on a finding that its servant Toni Berke was negligent. *Vendrell v. School District No. 26C et al,* 226 Or 263, 360 P2d 282 (1961).

Plaintiff's first two specifications of negligence,

"1. In placing a springboard under a low ceiling and doorway.

"2. In failing to turn the springboard on its side or otherwise making it harmless.",

are interrelated.

The evidence presented a conflict as to whether Toni Berke told the girls to " 'just drag [the springboard] over here' " or to put the springboard away and "tip it on its side." Plaintiff's allegations and evidence can be viewed as a charge and evidence that the teacher *directed* the girls to place the springboard where they did and failed to *direct* them to turn it on its side. This, if the jury considered it so, amounted to negligence which was a cause of the accident.

The teacher testified that the board was stored on its side because in its upright position

"* * * it would block the entryway as you walked in and it also was moved out of the exercise room because it was in the way, and also because we didn't want people using it who were not experienced in using it."

We think the evidence was sufficient for jury consideration under specifications of negligence (1) and (2).

5. *See Quigley v. School Dist. 45J3,* 251 Or 452, 446 P2d 177, 36 ALR3d 356 (1968). In *Allen v. Shiroma/ Leathers,* 266 Or 567, 570, 514 P2d 545 (1973), the court said:

> "* * * The jury determines whether the injury is foreseeable unless the court is of the opinion that there is insufficient evidence to support a finding that the injury was foreseeable."

Here there was sufficient evidence to support a jury finding that the injury suffered was foreseeable. Toni Berke testified that inexperienced students should not use the springboard. The question of plaintiff's experience was as we have noted above a jury question.

Plaintiff's second two specifications of negligence,

> "3. In failing to warn the students of the danger of hitting the low ceiling and/or doorway.
> "4. In failing to supervise the students in the use of dangerous exercise equipment.",

are also interrelated. Failure to warn can be viewed as a specific instance of failure to supervise.

■■ A teacher's duty of care and supervision does not extend to unforeseeable harm. *Morris v. Douglas Co. S. D. No. 9,* 241 Or 23, 403 P2d 775 (1965) ; *Summers v. Milwaukie Union H.S.,* 4 Or App 596, 599, 481 P2d 369 (1971). The foreseeability of plaintiff's action was a question for the jury. If it were a jury question as to whether the harm suffered was foreseeable, a jury question was also presented as to whether defendant was negligent in not supervising the plaintiff.

It has been stated:

> "A considerable body of case law relieves the

school agency from liability although its duty of supervision was not met, where the injury was such that supervision could not reasonably have been expected to have prevented it, the reasoning being that lack of proper supervision is not under such circumstances the proximate cause of injury * * *." (Footnote omitted.) Annotation, 38 ALR3d 830, 835 (1971).

■ However, the facts of this case indicate that it can reasonably be found that proper supervision could have prevented this accident for the teacher would have noticed that the springboard was not being stored properly before plaintiff jumped off and struck her head on the beam. A quick admonition could have prevented her injury.

(3). We have concluded under issues (1) and (2) that there was a jury question presented on all four specifications of negligence. This is contrary to the trial court's conclusion that at least one of the four specifications submitted to the jury had no evidentiary base. It follows that the ruling below must be reversed and remanded with instructions to reinstate the jury verdict, so the order for a new trial must be set aside.

Reversed and remanded.