## KIRTLAND, *Respondent,*
### *v.*
## DAVIS, *Appellant.*

555 P2d 1262

*Richard Bryson* of Bryson & Robert, Eugene, argued the cause for appellant. With him on the briefs was Calkins & Calkins, Eugene.

*William Wiswall* of Sanders, Lively & Wiswall,

Springfield, argued the cause and filed a brief for respondent.

Before Denecke, Chief Justice, and McAllister, O'Connell and Sloper, Justices.

O'CONNELL, J.

## O'CONNELL, J.

This is an action to recover damages for personal injuries suffered by plaintiff arising out of a collision alleged to have been caused by defendant Allen Davis. Defendant Davis contends on appeal that the trial court erred in failing to enter a directed verdict in his favor and in admitting improper testimony.

Plaintiff's injuries arose from the following sequence. On July 14, 1972, during the morning rush hour, defendant was driving his pickup west on Interstate 105 which is a freeway between the cities of Eugene and Springfield with two lanes for westbound traffic. Two large pieces of construction paper flew from the bed of the pickup. The paper crumpled to form objects of at least two feet in height. Moments later a car stopped to avoid colliding with the papers and was struck from behind by another vehicle which was unable to swerve to the other lane because of the traffic flow. Shortly after the initial collision plaintiff, who was likewise unable to change lanes, stopped approximately 150 feet behind the accident and was also struck from the rear by a following automobile. Plaintiff testified that there was a white car between her car and the initial collision. Other witnesses testified that the white car bypassed the accident prior to the collision involving plaintiff.

Plaintiff brought suit against the drivers of all of the other vehicles involved in the two collisions. The jury found defendant Davis to be responsible for 75% of the negligence causing plaintiff's injuries and one of the other defendants 25%. The jury found plaintiff to be free from fault. On appeal, defendant Davis, who alone appeals, argues that plaintiff's action in stopping her automobile 150 feet short of the site of the initial collision was an intervening and unforeseeable act which, as a matter of law, would preclude his liability.

This case calls for the same kind of analysis as that which was employed in *Stewart v. Jefferson Plywood*

*Co.,* 255 Or 603, 469 P2d 783 (1970), where we sought to explain the process by which we decide whether the question of scope of the actor's liability will be withheld from or submitted to the jury. We incorporate by reference that analysis into this opinion, leaving only for consideration the application of it to the facts of the present case.

■ The evidence clearly establishes a cause-in-fact connection between the careless conduct of defendant and plaintiff's injury. Defendant does not contend that he would have no liability for the damages suffered by Snethen and Hagle, but he argues that the subsequent collision involving plaintiff's vehicle was an intervening and unforeseeable event caused by the completely separate acts of plaintiff and the other persons involved in the second collision. To borrow the language from the *Jefferson Plywood* case, we are of the opinion that "the likelihood of harm occurring as it did in this case is such that it might well be considered as blameworthy within the community's sense of fault" and therefore that "the jury is entitled to decide that defendant should be charged with plaintiff's loss." 255 Or at 611.

■ As we explained in that case, our function of determining whether an issue is submissible does not rest upon the assumption that we can point to any specific evidence to support our conclusion, but rather on the assumption that we have sufficient general knowledge of "the kind of conduct that is deemed acceptable or not acceptable in the community and that, at least at the higher and lower ends of the continuum of that standard, the court can say that the conduct does or does not meet the standard." 255 Or at 607-08. Tested by this standard, the issue of defendant's liability to plaintiff was submissible to the jury.

■ Defendant also contends that the court erred in permitting a witness to testify as follows:

> "Q. Why were you considering removing the paper?
> "A. Because at that time of the morning, I know

myself if I had seen a piece of paper that large come out of the back of a pickup, I would be kind of cautious as to—."

A general objection to this testimony was overruled. Following the objection, the witness stated that a person might take "drastic" measures to avoid running into the paper. Assuming, without deciding, that under the circumstances of this case a general objection would have been sufficient to preserve the error on appeal,[1] we hold that the admission of the evidence did not constitute reversible error.

Judgment affirmed.

---

[1]Defendant contends that the testimony to which objection was made was not admissible for any purpose and therefore the general objection was sufficient, relying on I Wigmore on Evidence (3d ed 1940) § 18, p. 332, which states: "The only modification of this broad rule is that if on the face of the evidence, in its relation to the rest of the case, there appears no purpose whatever for which it could have been admissible, then a general objection, though overruled, will be deemed to have been sufficient."