Argued and submitted September 19, 1986, affirmed January 14, 1987

COOK,
*Appellant,*

*v.*

SCHOOL DISTRICT UH3J et al,
*Respondents.*

(85-2023; CA A38382)

731 P2d 443

Brian D. Green, Lincoln City, argued the cause for appellant. With him on the brief was Lovejoy & Green, Lincoln City.

Keith J. Bauer, Salem, argued the cause for respondent School District UH3J. With him on the brief were Billy M. Sime and Parks & Bauer, Salem.

Carl Rodrigues, Portland, argued the cause for respondent Amity School District. With him on the brief was Vergeer, Roehr & Sweek, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN J.

Buttler, P. J., specially concurring.

## WARREN, J.

In this negligence case, plaintiff appeals from a judgment dismissing his complaint on the ground that it fails to allege facts adequate to state a claim. We affirm.

When considering a dismissal for failure to state a claim, we assume the truth of all factual allegations in the complaint and any facts that might fairly be adduced as proof of the allegations. *Brennen v. City of Eugene,* 285 Or 401, 405, 591 P2d 719 (1979); *Hilt v. Bernstein,* 75 Or App 502, 509, 707 P2d 88 (1985) *rev den* 300 Or 545 (1986). Conclusions are disregarded. *Baker Hotel v. Employees Local 161,* 187 Or 58, 64, 207 P2d 1129 (1949); *Mattoon v. Cole,* 172 Or 664, 669, 143 P2d 679 (1943).

Plaintiff's amended complaint alleges that, while he was attending a girls' basketball game sponsored by defendants, he was injured when three students from Amity High School attacked him. He also alleges:

"IV

"Students from both schools were invited to attend this basketball game. Neither school districts provided any supervisory personnel within the gymnasium, other than the coaches of the respective teams. Neither school districts stationed any of its employees at the entrance to the gym.

"V

"The agents and employees of the school districts knew or should have known that there is a substantial risk of fighting among unsupervised students of rival high schools at athletic events. The agents and employees of each school district knew or should have known that failure to provide adequate supervision of the minor children attending the basketball game would create an unreasonable and unavoidable risk of injury to such minor children, and each of the defendants were [*sic*] negligent in failing to provide adequate supervision of the students of the rival high schools attending this basketball game."

To state a claim in negligence, a plaintiff must allege facts, as distinguished from conclusions, that show that the defendant owed a duty of care, that the defendant breached the duty and that the breach was the cause in fact of some legally cognizable damage to plaintiff. *Brennen v. City of Eugene, supra,* 285 Or at 405. The duty to prevent harm to

another arises from a relationship between the actor and the other which gives to the other a right to protection. *Restatement (Second) Torts* § 315 (1965); *Cramer v. Mengerhausen,* 275 Or 223, 227, 550 P2d 740 (1976); *Sullenger v. Setco Northwest,* 74 Or App 345, 348, 702 P2d 1139 (1985). The existence of a duty is a question of law for the court. *See Dewey v. A. F. Klaveness & Co.,* 233 Or 515, 524, 379 P2d 560 (1963) (O'Connell, J., specially concurring).

■　　Defendants, as possessors of land held open to the public and due to their special relationship with the students who attend their schools, had a duty to take precautions to protect plaintiff from reasonably foreseeable acts of third parties. *Fazzolari v. Portland School Dist. No. 1J,* 78 Or App 608, 611, 717 P2d 1210, *rev allowed* 301 Or 338 (1986). Plaintiff adequately alleges the relationship from which the responsibility to prevent harm flows.

To determine whether plaintiff alleges a breach of that duty depends on whether the facts stated in the amended complaint show that, as a result of defendants' acts or failure to act, plaintiff sustained harm that was foreseeable in the context posed by the complaint. *See Brennen v. City of Eugene, supra,* 285 Or at 405-06; *Sullenger v. Setco Northwest, supra,* 74 Or App at 348. In other words, although school authorities, because of their relationship to students, have a duty of care and supervision, it does not extend to unforeseeable harm any more than does the duty of anyone. *Grant v. Lake Oswego Sch. Dist. No. 7,* 15 Or App 325, 333, 515 P2d 947 (1973).

■　　The role of the court in determining whether an injury was foreseeable is set out in *Stewart v. Jefferson Plywood Co.,* 255 Or 603, 604, 469 P2d 783 (1970):

"The specific question before us is, then, whether plaintiff's injury and the manner of its occurrence was so highly unusual that we can say as a matter of law that a reasonable man, making an inventory of the possibilities of harm which his conduct might produce, would not have reasonably expected the injury to occur. Stated in another way, the question is whether the circumstances are out of the range within which a jury could determine that the injury was reasonably foreseeable." (Footnote omitted.)

*See also Rosensteil v. Lisdas,* 253 Or 625, 456 P2d 61 (1969)

Plaintiff's amended complaint fails to allege any facts which could cause a reasonable person to believe that a failure to provide supervision would make an unprovoked attack by other students likely. The complaint contains no allegations that there had been prior assaults or misconduct by students at other athletic events. Similarly, there are no allegations to indicate that the basketball game in question would be likely to inspire violence. It cannot be said as a matter of law that violence is the natural attendant of attending a basketball game or that the districts should have foreseen that violence would occur at this particular game.

General conclusory allegations that defendants knew or should have known that there was a substantial risk of violence, in the absence of ultimate facts upon which the allegation is based, are insufficient to withstand a motion to dismiss. *See Davis v. Tyee Industries, Inc.,* 295 Or 467, 479, 668 P2d 1186 (1983). The trial court properly dismissed the complaint for failure to state a claim.

Affirmed.

**BUTTLER, P. J.,** specially concurring.

Although I agree that the complaint does not allege sufficient facts to state a claim, I do not agree that the allegations are sufficient to permit the court to say, as a matter of law, that defendants had a duty to plaintiff to prevent the harm claimed. If a duty is alleged, as the majority says, then I think the question whether there was a breach of that duty is for the jury, in which case the trial court erred in granting defendants' motion to dismiss.

In the abstract, every person owes a duty to exercise due care. The majority does not, apparently, rely on that abstraction. It says:

> "Defendants, as possessors of land held open to the public and due to their special relationship with the students who attend their schools, had a duty to take precautions to protect plaintiff *from reasonably foreseeable acts* of third parties. *Fazzolari v. Portland School District No. 1J,* 78 Or App 608, 611, 717 P2d 1210, *rev allowed* 301 Or 338 (1986)." 83 Or App at 295. (Emphasis supplied.)

As I said in my dissent in *Fazzolari*,[1] I agree that defendants had a duty to protect plaintiff from *foreseeable* risks. Yet the majority, after making the quoted statement, does not treat foreseeability of harm as a consideration in deciding whether defendants owed a duty to plaintiff. 83 Or App at 295. Rather, it treats foreseeability as relevant only to the question of whether there was a *breach* of duty. As I have indicated, I think that that is wrong, although foreseeability is also relevant to that question. Whether there is a duty is a question for the court; whether there is a breach of that duty is for the jury. We should not confuse further an already complicated and confusing area of the law.

Because I conclude that plaintiff has not alleged sufficient ultimate facts to permit the court to hold that defendants had a duty to him in the circumstances alleged, I concur that the trial court should be affirmed.

---

[1] Without repeating all that I said in my *Fazzolari* dissent, I do not agree with the majority that the fact that one of the defendants was a possessor of land held open to the public affects either defendant's duty; that rule is not applicable to school districts, which are non-commercial enterprises.