Argued and submitted February 23, 2016, reversed and remanded June 28, petition for review denied September 14, 2017 (361 Or 885)

Shawnee ADAMS,
*Plaintiff-Appellant,*

*v.*

Holly PRESNELL,
as guardian *ad litem* for the minor
Zachary David Adams,
*Defendant-Respondent.*

Marion County Circuit Court
14C10902; A157924

398 P3d 949

Brady Mertz argued the cause and filed the briefs for appellant.

Melissa J. Ward argued the cause for respondent. With her on the brief were Joseph W. Much and Spooner & Much, P.C.

Bridget Donegan and Larkins Vacura LLP filed the brief *amicus curiae* for Oregon Trial Lawyers Association.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

## SERCOMBE, P. J.

Plaintiff appeals a judgment in favor of defendant, assigning error to the trial court's grant of defendant's motion for summary judgment on plaintiff's negligence claim. Plaintiff was injured in a single-car accident while defendant, her minor son, was driving. Plaintiff filed a claim against defendant in which she alleged that she was injured as a result of his negligent driving. Defendant filed a motion for summary judgment, contending that plaintiff's claim was barred by the family purpose doctrine, which, under certain circumstances, imposes vicarious liability on the owner of a car maintained for a "family purpose" for the negligence of family-member drivers. The trial court agreed with defendant and granted the motion.

On appeal, plaintiff contends that the trial court misapplied the family purpose doctrine. According to plaintiff, the doctrine exists to allow a third party to recover damages from the owner of a motor vehicle if the third party is injured due to the negligence of a member of the owner's family in operating the vehicle, not to bar the owner from recovering for his or her own injuries. Defendant responds that the family purpose doctrine imputes liability to the owner of a car, regardless of the circumstances. We agree with plaintiff and, therefore, reverse and remand.

In reviewing a trial court's grant of a motion for summary judgment, we view the evidence in the light most favorable to the nonmoving party "for the purpose of determining whether there is no genuine issue of material fact and the [moving party] is entitled to judgment as a matter of law." *Farnworth v. Rossetto*, 285 Or App 10, 12, 396 P3d 272 (2017).

The relevant facts are few and undisputed. Plaintiff and defendant were in a single-car accident. At the time of the accident, defendant was a minor and had a learner's permit, allowing him to drive only if supervised by someone over the age of 21. *See* ORS 807.280(8). Plaintiff, defendant's mother, was a passenger in the car, and its sole owner. Defendant lived with plaintiff as a member of her household.

While defendant was driving, he struck a power pole on the side of the road, and plaintiff was injured. She filed a personal injury tort action, alleging that defendant was negligent in failing to keep and maintain a proper lookout, failing to maintain control of the vehicle, and driving at an unreasonable speed for the conditions. Defendant filed an answer, in which he denied fault for the accident and pleaded two affirmative defenses. First, he argued that his negligence should be imputed to plaintiff under the family purpose doctrine, which, according to defendant, barred her recovery. Second, he asserted that plaintiff was personally negligent in her supervision of defendant while he was driving, contributing to the cause of the accident.

Defendant then moved for summary judgment based on the family purpose doctrine. Defendant contended that plaintiff should not be allowed to recover because, under that doctrine, "any negligence attributable to the defendant *** is also attributable to the plaintiff herself[,] negating her ability to make a claim against her own family member for whose alleged negligence she is also responsible under the law." (Underscoring in original.) According to defendant, because plaintiff would have been vicariously liable under the family purpose doctrine "[i]f the defendant had struck a pedestrian," by suing defendant she was, "in essence, suing herself." Defendant emphasized that he was *not* moving for summary judgment based on his allegation that plaintiff was independently negligent for inadequately supervising defendant's driving.[1] Plaintiff responded that the family purpose

---

[1] Indeed, in his motion, defendant explained:

"[P]laintiff was also the supervising driver of the defendant at the time of the accident as required in ORS 807.280(8). That act of negligence is pleaded as an affirmative defense in the defendant's answer.

"This allegation should not be confused with the legal basis for summary judgment sought in this motion. Failure to properly supervise the defendant's driving as pleaded in the defendant's answer is an allegation of active comparative negligence.

"The basis for summary judgment is the fact that, under the law, the plaintiff is vicariously liable for any negligence attributed to the defendant. In other words, the basis for the summary judgment motion pending is based on a matter of law relating to the Family Purpose Doctrine."

Further, at the hearing on his motion for summary judgment, defendant also emphasized to the court that plaintiff's negligent supervision of defendant was "an issue for another day[,] *** depending on your ruling."

doctrine did not bar her recovery, because it does not impute liability to an owner-passenger when the owner is injured due to a family-member driver's negligence. Rather, according to plaintiff, the doctrine applies only to extend recovery to third parties. Following oral argument by the parties, the trial court granted defendant's motion and entered a general judgment dismissing plaintiff's claim. This appeal followed.

On appeal, with some exceptions that we discuss below, the parties reiterate the arguments that they made in the trial court. Consequently, resolution of this case depends on whether, under the family purpose doctrine, a family-member driver's liability is imputed to an owner-passenger in an action brought by the owner-passenger against the family-member driver.

Under the family purpose doctrine, if an "automobile is maintained by the owner for the pleasure or convenience of his family, a member of the family who uses it for his own pleasure or convenience with the knowledge and consent of the owner is the agent of the owner and the latter is responsible for his negligence." *Kraxberger v. Rogers*, 231 Or 440, 450, 373 P2d 647 (1962). Generally, an agency relationship "results from the manifestation of consent by one person to another that the other shall act on behalf and subject to his control, and consent by the other so to act." *Eads v. Borman*, 351 Or 729, 735, 277 P3d 503 (2012) (internal quotation marks omitted). However, the general requirements for an agency relationship are not necessary in family purpose doctrine cases. Instead, to further public policy goals, courts have created a "fiction of agency" to "fasten upon the owner of a family car responsibility for the negligence of a member of the family while operating the car, even though there is no real agency within the legal meaning of that word." *Wiebe v. Seely, Administrator*, 215 Or 331, 346, 348, 335 P2d 379 (1959). As the court explained in *McDowell v. Hurner*, 142 Or 611, 617, 622, 20 P2d 395 (1933) (on rehearing), "[i]n the hands of an inexperienced or careless driver[,] a motor vehicle is nothing short of a public menace. Public policy therefore demands that owners of automobiles be held to the strictest account for any negligence in their operation resulting in injury to others." *See also id.* at 623 ("A judgment for

damages against an infant daughter or an infant son, or a son without support and without property, who is living as a member of the family, would be an empty form. * * * We think the practical administration of justice between the parties is more the duty of the court than the preservation of some esoteric theory concerning the law of principal and agent."). Accordingly, the family purpose doctrine relies on a fictitious agency relationship to "impute vicarious liability to the owner of a car for the negligence of a family member." *Arizpe v. Vankirk*, 204 Or App 372, 374, 129 P3d 718, *rev den*, 340 Or 672 (2006); *see also Prauss v. Adamski*, 195 Or 1, 11, 244 P2d 598 (1952) ("Under the doctrine of respondeat superior, a principal may be held liable for damages caused a third person by tortious acts committed by his agent while acting within the scope of his authority.").

The parties do not dispute that the basic elements of the family purpose doctrine are met—plaintiff maintained the car for the pleasure and convenience of her family, and defendant was a member of her family driving with her permission. We therefore turn to the issue of whether defendant's liability is imputed to plaintiff in these circumstances. We conclude that it is not. Two Supreme Court decisions are particularly relevant to that conclusion.

First, in *Sheehan v. Apling*, 227 Or 594, 597-98, 363 P2d 575 (1961), the court held that an agent's negligence is not imputed to a principal where the agent has injured the principal. In that case, the plaintiff and the defendant were involved in a car accident. At the time of the accident, the defendant was driving the plaintiff's truck. The court assumed that the defendant was the plaintiff's agent for purposes of controlling and operating the truck. The defendant collided with another car, injuring the plaintiff, and the plaintiff filed a negligence action against the defendant. The defendant moved for a directed verdict, and the trial court granted the motion.

On appeal, the defendant made essentially the same argument that defendant makes in this case. According to the defendant,

"the right of control as understood in the law of agency is decisive in his favor. [Defendant] reasons thus: [Plaintiff]

as owner had the right to control the vehicle, and therefore to control the driver. Right to control created an agency relationship. Since a principal is responsible for the negligence of his agent, [plaintiff] is responsible for the accident. Since [plaintiff] is responsible (on principles of *respondeat superior*), he cannot recover from his negligent agent."

*Id.* at 597.

The court rejected that argument. As the court explained, "[w]hatever the rule may be if a third person sues [plaintiff] on these facts, *respondeat superior* does not affect" the plaintiff's rights against the defendant. *Id.* According to the court,

"'[i]n certain relationships the negligence of one person is imputed to another in favor of third persons. But a wrongdoer cannot by a fiction of law attribute his wrongdoing to the victim. In the typical instances of imputed negligence, those of master and servant and principal and agent, the negligence of a servant or agent is not imputed to the master or principal so as to prevent recovery against the servant or agent for negligence injuring the person or property of the master or principal.'"

*Id.* at 597-98 (quoting *Prauss*, 195 Or at 12).

The court further explained that, in those circumstances, to bar recovery from an agent, a principal's "negligence must be actual, not derivative." *Id.* at 597. Thus, although an agent's liability is not imputed to a principal, the principal would still be barred from recovering from an agent if he or she was "actually directing or controlling the acts of the agent at the time the negligent act is committed." *Id.* (internal quotation marks omitted). In such cases, "the negligence is directly [the principal's] own, * * * [and] the doctrine of imputed negligence has no application whatever." *Id.* (internal quotation marks omitted). Consequently, the court reversed and remanded so that a jury could resolve whether the plaintiff "was in fact free from contributory fault in the causation of the accident." *Id.*[2]

_____

[2] *Sheehan* was decided before the legislature adopted the comparative fault statute. *See* ORS 31.600(1) ("Contributory negligence shall not bar recovery in an action by any person or the legal representative of the person to recover damages for death or injury to person or property if the fault attributable to the claimant

Similarly, in *Johnson v. L. A.-Seattle Mtr. Exp., Inc.,* 222 Or 377, 352 P2d 1091 (1960), the court examined and rejected a provision of the *Restatement,* which stated a rule that, where an agent's fault can be imputed to a principal, the principal is precluded from recovering for any injuries caused by the agent's negligence. That provision provides:

> "'Except as stated in §§ 493 and 494 [death and loss of services], a plaintiff is barred from recovery by the negligent act or omission of a third person if, but only if, the relation between them is such that the plaintiff would be liable as a defendant for harm caused to others by such negligent conduct of a third person.'"

*Johnson,* 222 Or at 385 (quoting *Restatement (First) of Torts* § 485 (1934) (brackets in *Johnson*)). Thus, under that *Restatement* provision—termed the "two-way test" by the court—a principal-passenger would be barred from recovering for an agent-driver's negligence, because the principal would be liable to a third party for the agent's negligence.

The court, however, repudiated the two-way test, explaining that, although the test was "logical and symmetrical[,] *** [i]mportant legal rights ought to have better footing than mere architectural symmetry." *Id.* at 387. As the court explained, "[t]he practical necessity for imposing liability on an owner in cases which do justify the doctrine of imputed liability," *i.e.,* permitting a third party to recover damages from the owner of a car driven by someone else, "is not present in the situation where the owner is an injured passenger in his own car." *Id.* The court therefore saw "no

was not greater than the combined fault of [other persons liable for the injury], but any damages allowed shall be diminished in the proportion to the percentage of fault attributable to the claimant."). At that time, under the contributory negligence doctrine, any negligence by a plaintiff was a complete bar to recovery. *Towe v. Sacagawea, Inc.,* 357 Or 74, 106-07, 347 P3d 766 (2015) ("Under the contributory negligence doctrine, any negligence by a plaintiff was a complete bar to the plaintiff's ability to recover damages from a defendant who was also at fault, regardless of the degree of the plaintiff's or the defendant's negligence."). However, in 1971 the legislature eliminated "contributory negligence as a bar to recovery and substituted the comparative negligence of the parties as a measure of damages." *Grant v. Lake Oswego Sch. Dist. No. 7,* 15 Or App 325, 329 n 1, 515 P2d 947 (1973). "Under that approach, a plaintiff's negligence results in reducing the damages that the plaintiff can recover, rather than barring any recovery, as long as the plaintiff is not more responsible for the injuries than all other actors combined." *Towe,* 357 Or at 107.

good reason for inventing fictitious fault where there is no real negligence, to bar an injured passenger, even though the same passenger, as an owner, might herself be liable as a matter of public policy for injuries to others under certain circumstances." *Id.*; *see also FDIC v. Smith*, 328 Or 420, 429, 980 P2d 141 (1999) ("[W]hile it is appropriate to impute knowledge of an agent to its principal in order to protect innocent third parties, that rule should not be used to shield agents whose wrongful conduct harms their own principal, where the action is one brought by the principal against the agent.").

In sum, *Sheehan* and *Johnson* establish that, in a negligence action brought by a principal against an agent, the agent's negligence is not imputed to the principal. As the *Sheehan* court explained, if the principal is actually negligent, then that contributory negligence—or, now, comparative fault—might limit or eliminate the principal's recovery. However, as between principal and agent, imputed negligence does not apply. And, in *Johnson*, the court reasoned that the "practical necessity" behind imputing an agent's negligence to a principal—permitting recovery from the principal to protect third parties—is irrelevant and cannot justify vicarious liability if the principal is the injured party.

For the same reason, plaintiff's claim against defendant is not barred by the family purpose doctrine. Although the Supreme Court has not directly addressed the application of the family purpose doctrine where the owner of a car is a passenger injured due to the driver's negligence, defendant offers, and we discern, no reason why the rules for imputed liability would function differently in a "fictitious" agency relationship than in a "real" agency relationship. There is no meaningful distinction between this case and *Sheehan* that would justify extending vicarious liability to plaintiff here. Moreover, as in *Johnson*, the "practical necessity" underlying the family purpose doctrine—permitting injured third parties to collect from the owner of a family vehicle negligently driven by a member of the owner's family, *McDowell*, 142 Or at 622-23—does not support the imputation of liability where the owner is the injured party. As such, there is no good reason to invent "fictitious fault"

to bar plaintiff's recovery. Therefore, even though plaintiff would have been responsible for defendant's torts against a third party, she may still recover from defendant for injuries caused by his negligence. Thus, the family purpose doctrine does not preclude plaintiff from recovering from defendant.

On appeal, defendant also argues that his motion for summary judgment was properly granted, because plaintiff's recovery is barred as a result of her own negligence. Defendant asserts that plaintiff negligently exercised actual control over defendant's driving, which, according to defendant, made her vicariously liable for defendant's actions. However, defendant did not seek summary judgment on that basis. As noted, in both his written motion and at oral argument, defendant explained that he was moving for summary judgment based exclusively on an imputed liability theory under the family purpose doctrine, and he specifically clarified that plaintiff's independent negligence was an issue "for another day." Essentially, defendant asserted that, if the trial court disagreed with his family purpose doctrine argument and denied his motion for summary judgment, plaintiff's negligent supervision of defendant should nevertheless reduce or eliminate her recovery under the comparative fault statute. Defendant may present his comparative fault defense to the factfinder on remand, but he may not rely on his unpreserved argument on appeal to defend the allowance of summary judgment.

As a matter of law, the negligence of a family-member driver is not imputed to an owner-passenger under the family purpose doctrine in an action brought by the owner-passenger against the family-member driver. Accordingly, that doctrine does not bar plaintiff's action against defendant, and the trial court erred in granting defendant's motion for summary judgment.

Reversed and remanded.